JEFFRIES *v.* SHEEHAN.

1. ADVERSE POSSESSION—TACKING POSSESSION.
   Where the grantor of a city lot, although also claiming title to an abutting strip off another lot, did not include it in the deed, his grantee may not tack his possession to that of his grantor for the purpose of perfecting title to said strip by adverse possession.

2. SAME—TITLE BY PRESCRIPTION NOT ESTABLISHED WHERE POSSESSION WAS LESS THAN STATUTORY PERIOD—TRIAL—INSTRUCTIONS.
   Where, in an action in ejectment to recover possession of a strip of land record title to which was in defendant, the possession of plaintiff and her vendor was less than 15 years, she had no title by prescription, and defendant's request for an instruction to such effect should have been granted.

[1]Adverse Possession, 2 C. J. § 96; 46 A. L. R. 792; 1 R. C. L. 717, 719; 4 R. C. L. Supp. 48; 5 R. C. L. Supp. 47; 7 R. C. L. Supp. 17; [2]Id., 2 C. J. § 192.

3. SAME—WHERE BOUNDARY NOT IN DISPUTE TITLE TO INCLOSED
STRIP OF LAND MUST REST UPON PRESCRIPTION.

> If the boundary line of a certain lot was never in dispute,
> but a strip off another lot was added thereto by encroach-
> ment by inclosing it with a fence, then the right, if any,
> of the owner of the lot to said strip must rest upon
> prescription and not on a boundary line established by
> acquiescence.

4. BOUNDARIES—WHEN STRIP INCLOSED PASSES TO GRANTEE.

> If a fence, placed in assertion of a boundary line of a cer-
> tain lot, encroached upon another lot, and for upwards
> of 15 years the owner of the lot and her predecessors
> in title claimed that the fence was on the boundary
> line, and used and occupied up to such line with the
> acquiescence of the owner of the lot encroached upon, then
> the boundary line between the lots is fixed, and the strip
> so occupied falls within the call for the lot with which
> it is inclosed and passes to the grantee without particular
> mention.

5. ADVERSE POSSESSION—BOUNDARIES—ISSUES PRESENTED—TRIAL—
INSTRUCTIONS.

> Where the evidence was conclusive that the owner of the
> lot had no title by prescription to said strip, but an
> issue as to whether said strip goes with said lot by reason
> of a boundary line established by acquiescence was raised
> thereby, said issue should have been submitted to the jury
> as the sole issue in the case, and it was error to permit
> the jury to find title to said strip in the owner of the lot
> by adverse possession.

Error to Wayne; Warner (Glenn E.), J., presiding.
Submitted October 18, 1927.    (Docket No. 23.)    De-
cided April 3, 1928.

Ejectment by Jennie Wheeler Jeffries against Robert
C. Sheehan and others.    Judgment for plaintiff.    De-
fendants bring error.    Reversed.

*Schmalzriedt, Frye & Granse,* for appellants.

*Lodge & Brown* and *Austin E. Stebbins,* for appellee.

³Boundaries, 9 C. J. § 199; ⁶Adverse Possession, 2 C. J. § 622.

WIEST, J.    Plaintiff, under contract of purchase, is in possession of lot 28, Scripps subdivision of part of the Woodbridge farm, city of Detroit, and brought this action in ejectment to recover a part of lot 2 of E. I. and A. K. Stimpson's subdivision, abutting lot 28 at the rear, claiming to be the owner thereof by adverse possession and long acquiescence in the boundary line.    Defendant Robert C. Sheehan holds the record title to lot 2 and is in possession of the strip in suit.    Plaintiff's vendor purchased lot 28 November 1, 1912, and, by land contract, sold to plaintiff, April 4, 1913.    While the land contract covered lot 28 and the strip of lot 2, there appears no conveyance of the strip in suit to plaintiff's vendor, so there can be no tacking of possession by others prior to November 1, 1912, and possession since, by plaintiff and her vendor up to the time of suit, was less than 15 years, and plaintiff had no title by prescription, and defendant's request for an instruction to such effect should have been given.    *Wilhelm* v. *Herron,* 211 Mich. 339; *Robertson* v. *Boylan,* 214 Mich. 27.

Plaintiff, however, claims that by a long-established boundary line at the rear end of lot 28 the strip of lot 2 was recognized as a part of lot. 28 and always passed as such in conveyances without particular mention thereof.    Plaintiff claims that about 30 years ago a fence inclosed the strip as a part of lot 28 and remained until about 4 years ago, when the record owner of lot 2 built on the disputed strip.

The lines of lots 28 and 2, as laid out in the subdivisions, have never been uncertain or in actual dispute.    After lot 28 was platted and sold to the first purchaser thereof, that section was commons and in part a dump heap.    In fencing lot 28 an early owner thereof encroached upon lot 2 and such encroachment continued for upward of 15 years before questioned by the owner of lot 2.

Defendant Sheehan contends that the issue of boundary line by acquiescence was not submitted to the jury. An examination of the instructions given the jury is persuasive that the sole issue submitted was the title of plaintiff under adverse possession. If the boundary line of lot 28 was never in dispute, and the fenced-in portion of lot 2 was but an encroachment, then plaintiff's right, if any, to the disputed strip rested upon prescription and not on a boundary line established by acquiescence. On the other hand, if the fence was placed in assertion of the boundary line of lot 28, and encroached upon lot 2, and, for upward of 15 years, plaintiff and her predecessors in title claimed it was on the boundary line and used and occupied lot 28 up to such line, with the acquiescence of the owner of lot 2, then the boundary line between lot 28 and lot 2 is fixed, and the strip so occupied falls within the call for lot 28. This question was not submitted to the jury under the instructions. Under the charge, the jury was permitted to find title in plaintiff by adverse possession, and, as we have pointed out, the plaintiff failed to make a case of that character. Upon this record, plaintiff has no title by prescription, and whether the strip in suit goes with lot 28 by reason of a boundary line established by acquiescence should have been submitted to the jury as the sole issue in the case.

We are constrained to reverse the judgment and grant a new trial, with costs to defendant Sheehan.

FELLOWS, CLARK, MCDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN and the late Justices SNOW and BIRD took no part in this decision.