JEFFRIES v. UNION TRUST CO.

1. APPEAL AND ERROR—THEORY OF LAW OF CASE—DIRECTED VERDICT.
In action of ejectment, refusal of trial court to allow plaintiff's counsel in his opening statement to jury to state his theory of law applicable to case was not prejudicial error where her theory was fairly presented to jury notwithstanding court's ruling, and where verdict was directed.

2. EVIDENCE—HEARSAY—IMMATERIAL.
In action of ejectment, testimony by plaintiff as to what her grantor told her in regard to boundaries of property involved, where conversation did not occur in presence of defendants and was not at all connected with circumstances in consequence of which plaintiff claims title by acquiescence, was inadmissible as hearsay and immaterial.

3. FRAUDS, STATUTE OF—ORAL AGREEMENT FOR INTEREST IN LAND VOID.
Oral agreement for or consent to right of driveway is attempted grant of interest in real estate, and is void under statute of frauds (3 Comp. Laws 1915, § 11975).

Error to Wayne; Richter (Theodore J.), J. Submitted October 25, 1929. (Docket No. 127, Calendar No. 34,633.) Decided December 3, 1929.

Ejectment by Jennie Wheeler Jeffries against Union Trust Company and others. From a judgment on directed verdict for defendants, plaintiff brings error. Affirmed.

*Daniel R. Foley,* for plaintiff.

*Schmalzriedt, Frye, Granse & Frye,* for defendants.

NORTH, C. J. This is a suit in ejectment which has been before this court on a former occasion. *Jeffries* v. *Sheehan,* 242 Mich. 167. Plaintiff claims to have acquired title to the strip of land in dispute by acquiescence and agreement incident to an alleged settlement of a boundary line. The defendants had judgment on a directed verdict. Plaintiff has assigned error as follows:

"1. The court erred in not allowing plaintiff's counsel in his opening statement to the jury to state his theory of the law applicable to said cause.

"2. The court erred in refusing to allow plaintiff to testify as to what her grantor, David W. Simons, told her with regard to the boundaries of the property in question at the time she purchased the property from him.

"3. Because the court erred in directing a verdict in favor of the defendants. * * *

"4. Because the court erred in refusing to grant a new trial."

As to plaintiff's first assignment of error, it need only be said that her theory was fairly presented to the jury notwithstanding the court's ruling; and further, since the verdict was directed by the court, plaintiff was not prejudiced.

The testimony referred to in the second assignment was hearsay and not at all material to plaintiff's claim that she had title by acquiescence. The conversation which plaintiff sought to prove occurred in 1913 between herself and her grantor. He was an entire stranger to these defendants, and the conversation did not occur in the presence of any of them, and was not at all connected with the circumstances happening in 1922 in consequence of which plaintiff claims title by acquiescence.

We have gone through this record with care, and are convinced that the plaintiff did not make out a case for the jury on her theory of having acquired title by acquiescence. The alleged agreement out of which such title is claimed to have arisen was between plaintiff and defendants' predecessor in title, who was not living at the time this suit was started. If the testimony relative to it is given the construction most favorable to the plaintiff, it can mean no more than that defendants' predecessor in title agreed orally with plaintiff that she might have right of driveway across his land to the alley. It was not an agreement to fix a boundary line between properties or an acquiescence in the location of such a boundary. As an oral agreement for or a consent to a right of driveway it was at most only an attempted grant of an interest in real estate and was void under the statute of frauds because not in writing. 3 Comp. Laws 1915, § 11975; *Dummer* v. *U. S. Gypsum Co.*, 153 Mich. 622. The plaintiff acquired no interest in the land as a result of this alleged oral agreement. The trial judge was correct in directing a verdict for the defendants and in subsequently denying plaintiff's motion for a new trial, which was based on the same reasons as the first three assignments of error above noted.

Judgment of the lower court is affirmed, with costs to the appellee.

FEAD, BUTZEL, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.