PEASLEE *v.* SAGINAW COUNTY DRAIN COMMISSIONER.

1. EASEMENTS—INTEREST IN LAND.
   An easement is an interest in land.

2. DRAINS—RELEASE OF RIGHT-OF-WAY—EASEMENT—CONVEYANCES—
   RECORDING.
   Instrument providing "this conveyance  *  *  *  shall be deemed
   to include the extreme width of said drain  *  *  *  and in-
   cludes a release of all claims to damages in any way arising
   from or incident to the opening and maintaining of said
   drain across said premises; and also sufficient ground on either
   side of the center line of said drain, for the construction there-
   of; and shall be deemed a sufficient conveyance to vest in the
   county an easement  *  *  *  for the  *  *  *  drainage
   together with such rights of entry upon, passage over, deposit
   of excavated earth and  *  *  *  construction  *  *  *  and
   repair of such drain" constituted a release of the right-of-way
   which was a conveyance that was void against subsequent pur-
   chasers in good faith, where not recorded in the office of the
   register of deeds (CL 1948, §§ 565.29, 565.35).

3. SAME—FILING OF RECORDS IN OFFICE OF DRAIN COMMISSIONER—
   CONSTRUCTIVE NOTICE.
   Requirement of drain code that drain records be filed in the
   county drain commissioner's office is to provide for a fair
   and equitable spreading of the drain tax and, where that was
   the only place they were recorded, they were insufficient to
   constitute constructive notice to purchasers of property over
   which right-of-way had been released by predecessor in title
   (CL 1948, § 262.10).

REFERENCES FOR POINTS IN HEADNOTES
[1]  17A Am Jur, Easements §§ 2, 3.
[2]  17A Am Jur, Easements §§ 90, 160.
[3–5]  45 Am Jur, Records and Recording Laws § 85 *et seq.*
[6]  53 Am Jur, Trial § 842.
[7]  15 Am Jur, Damages §§ 299, 300.

4. RECORDS—NOTICE.

Records which are provided for purposes other than to give notice do not constitute a source of notification.

5. SAME—NOTICE—CONSTRUCTION OF STATUTE.

Whether a record is intended to serve as notice or not is a matter of interpretation, determined from the words of the statute and purpose of the statute.

6. TRESPASS—INSTRUCTIONS—NOTICE—DRAINS—RIGHT-OF-WAY.

Instructions to jury in action of trespass against county drain commissioner, when taken as a whole, *held,* not to contain prejudicial error with respect to issue of actual or constructive notice to purchasers of property within right-of-way of the drain.

7. DAMAGES—CONSTRUCTION OF DRAIN—TREBLE DAMAGES—INTERRUPTION OF BUSINESS.

The statute dealing generally with removal or damage to standing timber, growing crops or soils, rocks or minerals does not afford a basis for awarding a judgment of triple damages in action of trespass, where the major element of plaintiffs' pleadings and proofs of damage was "loss of customers and good will to the business" through interruption by the construction of a drain (CL 1948, §§ 633.18, 692.451).

Appeal from Saginaw; Borchard (Fred J.), J. Submitted October 11, 1961. (Docket No. 56, Calendar No. 48,751.) Decided December 28, 1961.

Action in trespass by Kenneth R. Peaslee and Thelma M. Peaslee against Herbert J. Dietrich, Saginaw County Drain Commissioner, successor to Linus H. Frost, former commissioner, and against Erwin J. Gould and Edwin I. Cross, contractors, and Michigan Surety Company, a Michigan corporation, surety, for unauthorized entry on property and damages thereto in the construction of drain. Settlement effected as to contractors and their surety. Verdict and judgment against defendant drain commissioner. Defendant appeals. Plaintiff cross-appeals asking treble damages. Affirmed.

*Irving M. Hart (Doozan, Scorsone & Trogan* and *Vincent A. Scorsone,* of counsel), for plaintiffs.

*Robert L. Richardson, Jr.,* Prosecuting Attorney (*Gilbert & Gilbert* and *Donald W. Gilbert,* of counsel), for defendant.

EDWARDS, J. This is an action for trespass to property owned by plaintiffs against Herbert J. Dietrich, successor drain commissioner of Saginaw county, for damages done to plaintiffs' property in the building of the Weiss street drain. Plaintiffs' declaration alleged 2 counts, 1 for common-law trespass, and 1 for statutory trespass under CL 1948, § 692.451 (Stat Ann § 27.2161). A Saginaw county jury before Judge Borchard found for plaintiffs in the sum of $16,500. Defendant appeals and plaintiffs cross appeal.

The defendant's appeal is based on the contention that a certain release of right-of-way, filed in the office of the drain commissioner by plaintiffs' predecessors in title, constituted a valid easement and in its terms released defendant from any damages which might occur during the construction of the proposed drain. As to this issue, plaintiffs-appellees contend that they were innocent purchasers for value, and that the release of right-of-way was not filed with the register of deeds nor called to their attention prior to purchase. Plaintiffs' cross appeal asserts a right to treble damages under CL 1948, § 692.451 (Stat Ann § 27.2161), and CL 1948, § 633.18 (Stat Ann § 27.2129).

Prior to trial a settlement was arrived at between plaintiffs and defendants Gould and Cross and Michigan Surety Company whereby the case was dismissed as to these parties in exchange for $3,000, with plaintiffs signing a covenant not to sue. This

left the proceeding continuing against the drain commissioner only.

The principal legal issue was dealt with at proceedings on pretrial as a result of defendants' motion for summary judgment. The trial judge analyzed the problem posed by the release of right-of-way relied upon by defendant drain commissioner, and concluded as follows:

"This court is of the opinion that the release of right-of-way hereinabove set forth is a conveyance within the meaning of CL 1948, § 565.35 (Stat Ann 1953 Rev § 26.552), and if not recorded in the office of the register of deeds according to CL 1948, § 565.29 (Stat Ann 1953 Rev § 26.547), is void against subsequent purchasers in good faith; that releases of the type given in the instant case, which included a release of all claims to damages in any way arising from or incident to maintaining, cleaning out and repairing the drain across the premises, vested in the county an easement or an interest in land within the provisions of the recording laws of this State; that the enrolling and filing of all drain records in the county drain commissioner's office was a prerequisite for the spreading of a drain tax and not for the purpose of giving constructive notice of an easement."

The factual issues which were tried to jury and resulted in verdict for plaintiffs were set out thus by the pretrial judge in pretrial statement:

*"The Court:* In this action plaintiff claims that the defendants came on his property at the northeast corner of Bay and Weiss; that they not only came on the right-of-way, they came on other portions of plaintiffs' property, piled dirt, broke up roadways and completely disrupted his business and put him out of business, in effect, for which it took him approximately 3 years to recover and much expense. Plaintiff claims further that this was done by the defendant under the assumption that the

defendant had a right-of-way which was given to plaintiffs' predecessors in title, but was filed in the drain commissioner's office and not recorded in the office of the register of deeds. By reason of the trespass over the drain right-of-way and other portions of the property, plaintiff claims to have suffered damages.

"Plaintiff claims further that he warned defendants not to trespass on the property, ordered them off, but was told that they had a right-of-way and were going to go ahead with the construction of the Weiss street drain.    *    *    *

"Defendant Herbert J. Dietrich claims that plaintiffs had actual notice of the Weiss street drain right-of-way through advance preparations and publicity given said drain and litigation which resulted in a court order canceling special drain assessments on their property for 1947, 1948, and 1949. Defendant drain commissioner claims that plaintiffs had also received tax bill notices for these assessments which would give them further actual notice of the impending construction of a drain, and that although these tax notices and litigation could not have given plaintiffs actual notice at the time of their purchase of the property, which was July 10, 1947, defendant claims there were sufficient physical preparations for the digging of Weiss street drain between March 7, 1945, and July 10, 1947, to put plaintiffs on notice to make further inquiries after receipt of tax notices and other factors calling attention to impending construction of said drain. The plaintiffs never objected to the installation of the drain, either prior or during its construction, according to defendant Herbert J. Dietrich, but rather said construction was welcomed by plaintiffs, who immediately connected their own drainage into the installed Weiss street drain and benefited greatly therefrom."

At the conclusion of the trial the trial judge denied various motions for new trial and verdict *non obstante,* and also denied plaintiffs' motion for

treble damages, holding the statutory provisions for treble damages for trespass on land not applicable to the general verdict which the jury returned.

The basic issue in this case is whether or not the release of right-of-way relied upon herein by the appellant was a conveyance within the meaning of Michigan statutes dealing with recordation.

The 2 sections directly applicable read as follows:

"Every conveyance of real estate within the State hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded.  The fact that such first recorded conveyance is in the form or contains the terms of a deed of quitclaim and release shall not affect the question of good faith of such subsequent purchaser, or be of itself notice to him of any unrecorded conveyance of the same real estate or any part thereof."  CL 1948, § 565.29 (Stat Ann 1953 Rev § 26.547).

"The term 'conveyance,' as used in this chapter, shall be construed to embrace every instrument in writing, by which any estate or interest in real estate is created, aliened, mortgaged or assigned; or by which the title to any real estate may be affected in law or equity, except wills, leases for a term not exceeding 3 years, and executory contracts for the sale or purchase of lands."  CL 1948, § 565.35 (Stat Ann 1953 Rev § 26.552).

Interestingly enough, the release itself contains words describing it as a "conveyance" sufficient to grant an "easement":

"This conveyance is based upon the above described line of route and shall be deemed to include the extreme width of said drain as shown in the survey thereof, to which survey reference is hereby made for a more particular description, and in-

cludes a release of all claims to damages in any way arising from or incident to the opening and maintaining of said drain across said premises; and also sufficient ground on either side of the center line of said drain, for the construction thereof; and shall be deemed a sufficient conveyance to vest in the county an easement in said lands for the uses and purposes of drainage together with such rights of entry upon, passage over, deposit of excavated earth and storage of material and equipment on such lands, as may be necessary or useful for the construction, maintenance, cleaning out and repair of such drain."

There is much Michigan case law holding that an easement is an interest in land. *Myers* v. *Spencer*, 318 Mich 155; *Jeffries* v. *Union Trust Co.*, 248 Mich 652; *Young* v. *Thendara, Inc.*, 328 Mich 42.

See, also, 17A Am Jur, Easements, § 158.

The language of the 2 recording statutes which we have quoted squarely supports the ruling of the court below:

"This court is of the opinion that the release of right-of-way hereinabove set forth is a conveyance within the meaning of CL 1948, § 565.35 (Stat Ann 1953 Rev § 26.552), and if not recorded in the office of the register of deeds according to CL 1948, § 565.29 (Stat Ann 1953 Rev § 26.547), is void against subsequent purchasers in good faith."

While we find no Michigan cases squarely in point on this issue, there are a number from other State jurisdictions which lend support to the views expressed above. *Pennsylvania Range Boiler Co.* v. *City of Philadelphia*, 344 Pa 34 (23 A2d 723); *Macari* v. *Marandola*, 63 RI 369 (9 A2d 21). *Contra: State, ex rel. Highway Commission*, v. *Meeker*, 75 Wyo 210 (294 P2d 603).

The second question presented by this appeal pertains to whether or not the filing of the release of right-of-way in the office of the drain commissioner

was effective recordation such as to charge plaintiff-appellees with constructive notice. As to this, the circuit judge held:

"that the enrolling and filing of all drain records in the county drain commissioner's office was a prerequisite for the spreading of a drain tax and not for the purpose of giving constructive notice of an easement."

The statute requiring such filing is as follows:

"It shall be the duty of each commissioner to make and keep a full financial statement of each drainage district. The commissioner shall also make and keep in his office in a book to be provided for that purpose a complete record of each drainage district, which record shall include a copy of the application for laying out and designating such district, of the petition for the drain, of the minutes of the survey, of the releases of the right-of-way where the same have been released, of the orders of determination of the necessity for and of the establishment of the drain, and of the apportionment and assessment of benefits therefor. Where special commissioners have been called, it shall also contain a copy of the application to the probate court, of the return of the special commissioners and of all other papers in his office necessary to show a complete history of each drainage district, all of which said original papers shall then be enrolled and filed in the office of the county drain commissioner. No drain tax shall be spread until all the records required have been deposited and filed in the office of the county drain commissioner." CL 1948, § 262.10 (Stat Ann 1952 Rev § 11.15), re-enacted in the drain code of 1956 as CLS 1956, § 280.30 (Stat Ann 1960 Rev § 11.1030).

The last sentence of this statute seems to us plainly to suggest that the legislative purpose in requiring this type of record in the office of the drain com-

missioner was to serve the purpose of fair and equitable spreading of the drain tax.

Our view in this regard is strengthened by the fact that the drain code of 1956, in section 11 (CLS 1956, § 280.11 [Stat Ann 1960 Rev § 11.1011]), added a specific requirement that any release or easement connected with drain construction be recorded with the register of deeds, but retained the above-quoted provisions requiring them to be recorded likewise in the office of the drain commissioner.

2 Merrill on Notice, § 919, says on our present topic:

"It follows from what we have just said that records which are provided for purposes other than to give notice do not constitute a source of notification. Whether a record is intended to serve as notice or not is a matter of interpretation, determined from the words of the statute and from the purpose of the statute. If the legislature has provided specifically that the record shall be notice, there can be no question. A similar reading usually is given to statutes which require certain instruments to be recorded, unless it clearly is apparent that the requirement has some other object. The provision of another method of notification may indicate that the record was not intended to be notice."

We believe that the circuit judge was correct as to this issue likewise, and that the recording of the release of right-of-way in the office of the drain commissioner was not constructive notice to plaintiffs-appellees.

The last substantial issue posed by appellant pertains to 2 paragraphs of the circuit judge's charge which he construes as having instructed the jury that defendant had not pleaded either actual or constructive notice, or presented proof from which either could be found. We recognize that by interpretation of 2 paragraphs relied on by the appellant

such an implication can be supported. But these 2 paragraphs are followed by these words which serve completely to destroy it:

"I further charge you that if you find that there is sufficient evidence in this case of publicity concerning the Weiss street drain in 1946 and prior to June 10, 1947, when the property was purchased by the plaintiffs, through the newspaper articles in the Saginaw News concerning the drain, the posting of a notice on the telephone pole at the corner of Bay and Weiss streets concerning the drain, and publications of Weiss street drain notices in the Saginaw News, you may attribute to the plaintiffs the benefit of knowledge of physical facts concerning the Weiss street drain putting the plaintiffs upon inquiry to check at the drain—county drain commissioner's office for a release of right-of-way which the evidence shows was on file there dated as of August 8, 1946. If you find that the plaintiffs had the means at hand to discover the right-of-way and the release to the county by Arthur and Cora Yoemans on August 8, 1946, but that they did not use these means or that they studiously avoided making the obvious inquiries, you may find that the plaintiffs had constructive notice of such right-of-way across their property and that they purchased the property from the Yoemans subject to such an easement. If you find that the plaintiffs did purchase the property subject to the right-of-way by the county, you should not hold the county drain commissioner liable for any damages for which you may find might have been incurred by the construction of the drain along the right-of-way or adjacent to it."

Taking the jury charge as a whole (*Hammerbacher* v. *Babechenko,* 348 Mich 139; *Leach* v. *Fisher,* 345 Mich 65), we find no prejudicial error.

As to plaintiff-appellees' cross appeal, we can be more brief. In seeking award of triple damages,

plaintiff-appellees rely upon CL 1948, § 692.451 (Stat Ann § 27.2161):

"Any person who shall cut down or carry off, any wood, underwood, trees or timber, or shall girdle or otherwise despoil or injure any trees on the land of any other person, or shall dig up or carry away any stone, ore, gravel, clay, sand, turf, or mould from such land, or any roots, fruit or plant there being, or cut down or carry away any grass, hay, or any kind of grain standing, growing or being on such land, without the leave of the owner thereof, or on the lands or commons of any city, township, village or other corporations without license therefor given, shall be liable to the owner of such land, or to such corporation, in 3 times the amount of damages which shall be assessed therefor in an action of trespass, by a jury, or by a justice of the peace in the cases provided by law."

This statute deals generally with removal or damage to standing timber, growing crops or commercial soils, rocks or minerals. It makes no provision for damages to business due to interruption by trespass. Yet "loss of customers and goodwill to the business" was a major element of plaintiffs' pleadings and proofs of damage. Such damage could be awarded under the more general language of CL 1948, § 633.18 (Stat Ann § 27.2129). The record contains no request from plaintiffs to instruct the jury to segregate the damages. The circuit judge was correct in holding that the general verdict did not support the entry of a judgment for triple damages.

Affirmed. Costs to appellees.

Dethmers, C. J., and Carr, Kelly, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.