18397

SANDY ISLAND CORPORATION, Respondent, v.
T. S. RAGSDALE, Appellant

(143 S. E. (2d) 803)

*Messrs. Smith & Moore* and *Arthur M. Flowers, Jr.,* of Georgetown, *for Appellant,*

*Messrs. James P. Stevens,* of Loris, and *Ralph Hoffman,* of Conway, *for Respondent,*

August 30, 1965.

Moss, Justice.

Sandy Island Corporation, the respondent herein, instituted this action to enjoin T. S. Ragsdale, the appellant herein, from obstructing a right-of-way alleged to exist in its favor over his land.

The respondent alleges that it is the owner and in possession of a tract of land in Georgetown County, being a portion of Sandy Island, containing some 8,000 acres, more or less, which was conveyed to it by Williams Furniture Corporation, by a deed dated July 24, 1964. There is specifically excepted from the aforesaid conveyance four tracts of land included within the boundaries of the original tract, one of which was a conveyance by Williams Furniture Corporation to T. S. Ragsdale on August 15, 1961, of a tract containing 185 acres, more or less. Included in the conveyance by Williams Furniture Corporation to Sandy Island Corporation was the easement and right-of-way which had been reserved in its deed to Ragsdale. The easement and right-of-way so reserved was as follows:

"Williams Furniture Corporation, the grantor herein, reserves unto itself, and its successors and assigns, a perpetual easement and right-of-way over the road nearest Cypress Creek leading from old 'River Road' to the Great Pee Dee River, together with an easement and right-of-way on and over 5 acres of high land on the edge of said Great Pee Dee River at the river end of said road from the old 'River Road'. This easement and right-of-way over said road shall be for purposes of ingress and egress to said Great Pee Dee River and thence by barge or boat to Sandy Island, and the said 5 acres of high land are to be used for loading

logs, forest products, etc., from barges or otherwise from the river and for decking logs, forest products, etc., and loading logs coming off of Sandy Island, and the said road to be used for transporting logs, forest products, etc., from the river bank out to the old 'River Road.' The said road may be used jointly by grantor and its successors and assigns, and by grantee, and his heirs and assigns, and grantor shall maintain said road in a passable condition weather permitting, when using it for hauling, but under no obligation to maintain same at any other time, and said grantee shall have no obligation to maintain said road, but shall have the right to do so if desired."

The respondent alleges that the aforesaid easement and right-of-way is the only one that it owns that extends from a public road to the Great Pee Dee River so that its agents and servants may cross over and have access to its property which is completely surrounded by water, and is a part of Sandy Island. It is further alleged that the appellant has constructed a gate across the aforesaid right-of-way at its end of Old River Road and has caused the gate to be closed and locked, thereby depriving the respondent, its agents and servants of the right to use said right-of-way. It is then alleged that unless the Court restrains and enjoins the appellant from obstructing the said right-of-way it will suffer irreparable harm and damage.

The appellant demurred to the complaint and contends that it appears upon the face of the complaint that the easement or right-of-way reserved by Williams Furniture Corporation in its deed to him created only an easement in gross and such could not be assigned or transferred by Williams Furniture Corporation to the respondent. It is further asserted by the appellant that the reservation above referred to created an easement in gross and such was personal to Williams Furniture Corporation and the attempted conveyance of such to the respondent extinguished the easement.

The demurrer came on to be heard before the Honorable J. B. Ness, Presiding Judge, and on November 23, 1964, he overruled the demurrer and in his order said: "Under the allegations of the Complaint, I am of the opinion that I would not be justified in holding that only an easement in gross was created, which would have to be my holding if I granted the demurrer. I am of the opinion that it would be better to overrule the demurrer and let the Court at the trial of the case determine the facts thereof." This appeal followed.

It is elementary that in passing upon a demurrer the Court is limited to a consideration of the pleadings under attack. All of the factual allegations thereof that are properly pleaded are for the purpose of such consideration deemed admitted. When a fact is pleaded, whatever inferences of law or conclusions of fact that may properly arise from it, are to be regarded as embraced in such averment. *Outlaw v. Calhoun Life Ins. Co.*, 236 S. C. 272, 113 S. E. (2d) 817. When a complaint is attacked by a demurrer it must be liberally construed. *Cline v. Southern Ry. Co.*, 110 S. C. 534, 96 S. E. 532. The law requires a plaintiff to state the facts constituting his cause of action and demand the relief to which he supposes himself entitled, he is not required to characterize the facts stated, or to give his cause of action a name; that being the province of the court. *Furman v. A. C. Tuxbury Land & Timber Co.*, 112 S. C. 71, 99 S. E. 111. A demurrer to a complaint will be overruled if any cause of action is stated. *Babb v. Paul Revere Life Ins. Co.*, 224 S. C. 1, 77 S. E. (2d) 267. A matter not relied on as a ground of the demurrer is not properly before the court for consideration. *Seaboard Air Line Ry. Co. v. Jones,* 120 S. C. 354, 113 S. E. 142.

One of the ways of creating an easement is by an express written grant. A reservation of an easement in a deed by which lands are conveyed is equivalent, for the purpose of the creation of the easement, to an express grant of the easement by the grantee of the lands. 17A Am.

Jur., Easements, Sections 18 and 31, pages 631 and 641. The easement here is one by reservation.

An easement is either "appurtenant" or "in gross". An appendant or appurtenant easement must inhere in the land, concern the premises, have one terminus on the land of the party claiming it, and be essentially necessary to the enjoyment thereof. It attaches to, and passes with, the dominant tenement as an appurtenance thereof. An easement, or right-of-way, in gross is a mere personal privilege to the owner of the land and incapable of transfer by him, and is not, therefore assignable or inheritable. *Brasington v. Williams,* 143 S. C. 223, 141 S. E. 375; *Steele v. Williams,* 204 S. C. 124, 28 S. E. (2d) 644.

In construing a deed it is elementary that the cardinal rule of construction is to ascertain and effectuate the intention of the parties, unless that intention contravenes some well settled rule of law or public policy. *Davis v. Davis,* 223 S. C. 182, 75 S. E. (2d) 46; *Grainger v. Hamilton,* 228 S. C. 318, 90 S. E. (2d) 209, and *Byars v. Cherokee County,* 237 S. C. 548, 118 S. E. (2d) 324. The intention of the parties here must be determined by a fair interpretation of the grant or reserve creating the easement.

Considering all the provisions of the reservation set forth in the deed of Williams Furniture Corporation to the appellant, as to the nature of the easement created, we find that the parties thereto clearly intended that Williams Furniture Corporation, its successors and assigns, was to have a perpetual easement and right-of-way over the road commencing at the old "River Road" and running to the Great Pee Dee River, with an easement and right-of-way over 5 acres of high land abutting on the said river. The easement and right-of-way over the aforesaid road is expressly stated to be for the purpose of ingress and egress to the said river so that its property on Sandy Island could be reached by barge or boat from said point on the river. It further appears

that it was the intention of the parties that the 5 acres of high land was to be used for loading and decking logs and forest products which would be brought from Sandy Island by barge to such point and that the said logs and forest products so brought from Sandy Island were to be transported from the said 5 acres of high land out to the old "River Road". It was further the intention of the parties that the said road could be used jointly by Williams Furniture Corporation, its successors and assigns, and by the appellant here, his heirs and assigns, with Williams Furniture Corporation maintaining the said road in a passable condition when being used by it for the moving of logs and forest products over the same.

It is clear from the record before us that Williams Furniture Corporation, at the time of the conveyance by it of a tract of land to the appellant, was engaged in logging on the portion of Sandy Island owned by it. In order to carry on this commercial business it reserved in the deed heretofore described an easement and right-of-way so that its agents, servants and employees could go to said Sandy Island for the purpose of cutting logs and, thereafter, removing such by barge or boat from Sandy Island to the said 5 acres of high land and from such point transporting said logs and forest products out to the old "River Road". Logging is the commercial business of felling trees, cutting them into logs and transporting such to saw mills or market.

We assume, as the appellant contends, that the reservation heretofore referred to was an easement in gross. An easement in gross is a right personal to the one to whom it is granted and ordinarily cannot be assigned by him to another. However, there is authority to the effect that the parties may make an easement in gross assignable by the terms of the instrument, particularly where the easement in gross is of a commercial character. Easements for pipe lines, telegraph and telephone lines, and railroad rights of way have been held assignable, although in gross. 17A Am. Jur., Easements, Section 148, page 752.

An easement in gross is of a commercial character when the use authorized by it results primarily in economic benefit rather than personal satisfaction. Easements in gross, if of a commercial character, are alienable. In Powell on Real Property, Vol. III, Section 419, at page 478, we find the following:

"The Restatement of the Law of Property has devoted eight Sections to the problems of the transferability of easements in gross, interpreting the American Law to make all easements in gross of a commercial character freely and fully alienable, and to leave the alienability of noncommercial easements in gross a matter to be 'determined by the manner or terms of their creation.' When transferable, there are sections on the apportionability, form of conveyance *inter vivos* and by will and on the carving out of successive interests comparable to estates. In the judgment of this author these sections seem to be a true photograph of the net distillation of American Law on the topic. They recognize the growing recognition of the assignability of all easements in gross except those demonstrably intended to benefit only the individual who is its first recipient."

Property interests are, in general, alienable. What is true of property interests generally is true of easements in gross of a commercial character. American Law Institute, Restatement, Property, section 489, page 3040, *et seq.*

In *Miller v. Lutheran Conference & Camp Asso.,* 331 Pa. 241, 200 A. 646, 130 A. L. R. 1245, it was held that easements in gross designed and used for commercial exploitation, are assignable where in the deed creating such it was the intention of the parties to make them assignable. In such case it was said:

"* * * Moreover, as a practical matter, there is an obvious difference in this respect between easements for personal enjoyment and those designed for commercial exploitation; while there may be little justification for permitting assignments in the former case, there is every reason for upholding them in the latter."

It is our conclusion that the reservation made in the ▮ deed of Williams Furniture Corporation to the appellant created an easement in gross of a commercial character and the fact that the instrument creating such easement reserved the rights in question to Williams Furniture Corporation and "its successors and assigns" indicates an intention to attach the attribute of assignability to the easement. It follows that Williams Furniture Corporation had the legal right to assign such easement to the respondent. It should be clearly understood that this conclusion in no way does violence to the rule that a right-of-way in gross, which creates a mere privilege personal to the grantee, cannot be by him transferred notwithstanding that the grant is to him and to "his heirs and assigns".

We think that the Trial Judge was correct in overruling the demurrer interposed by the appellant.

The judgment below is affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.