ALLEN v. BAY COUNTY DRAIN COMMISSIONER.

1. DRAINS—RELEASE OF RIGHT-OF-WAY—EASEMENT—CONVEYANCES—RECORDING.

   A drain easement recorded in drain commissioner's office but not recorded in the office of the register of deeds is void as to subsequent purchasers without notice (CL 1948, § 565.29).

2. APPEAL AND ERROR—FINDINGS OF TRIAL COURTS.

   Sufficient evidence existed to support a finding by trial court that purchasers of property subject to drain easement did not have actual or constructive notice of that portion of the easement which existed beyond the edges of the drains and findings of the trial judge are not set aside unless they are clearly erroneous (GCR 1963, 517.1).

———————

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Easements and Licenses § 98.
[2] 5 Am Jur 2d, Appeal and Error § 839.
[3] 5 Am Jur 2d, Appeal and Error § 1009.

3. Costs—Public Question—Drains.
> No costs are allowed in action by purchasers of property, sub-
> ject to unrecorded easement, to quiet title and to enjoin con-
> struction of a new drain, a public question being involved.

Appeal from Bay; Dardas (Leon R.), J.   Sub-
mitted Division 3 January 9, 1968, at Grand Rapids.
(Docket No. 3,891.)   Decided April 2, 1968.

Complaint by Arthur Allen and Ruth Allen
against Bay County, Bay County Road Commission,
and Bay County Drain Commissioner, to enjoin de-
fendants from constructing a new drain and to quiet
title.   Judgment for plaintiff.   Defendants appeal.
Affirmed.

*Smith, Brooker, Harvey & Cook,* for plaintiffs.

*Martin B. Legatz,* Prosecuting Attorney, for de-
fendants.

Burns, J.   Defendants appeal a judgment for
plaintiffs holding that a drain easement not recorded
with the local register of deeds is void as to subse-
quent purchasers without notice.

The Bay county drain commission obtained an
easement for drain purposes from M. Seth Babcock
and his wife on September 6, 1917.   The easement
was recorded at the drain commissioner's office, but
it was not recorded in the register of deeds office.
The easement covered the following property:

"A strip of land described as follows: The north
4 acres of the N 1/2 of the NE 1/4 of section 13,
T14N, R4E, also the east 2 acres of the N 1/2 of the
NE 1/4 of section 13, T14N, R4E, except 66 ft
square in the NE corner thereof, also the east 2
acres of the N 1/2 of the NE 1/4 of section 13–14–
4E."

Open ditch drains were constructed in 1917 on that portion of the drain right-of-way which lay almost entirely within a road right-of-way and were maintained until the time of this action.

Plaintiffs purchased the property in question in 1943 from one Adamowski who had farmed the land and utilized all of the land up to the drainage ditches.

In 1963 the drain commissioner acted upon a petition of the road commission to relocate the drain onto land which was included in the original easement but claimed by the plaintiffs.

Plaintiffs filed action to enjoin the defendants from constructing the new drain and to quiet title. The trial court granted a temporary injunction, but it was dismissed by stipulation. The case proceeded to trial for the purpose of quieting title and determining money damages, if any.

The trial court held that a drain easement not recorded with the register of deeds in accordance with CL 1948, § 565.29 (Stat Ann 1953 Rev § 26.547) was void as to subsequent purchasers without notice even though it was recorded in the drain commissioner's office. The court also found as a matter of fact that the plaintiffs did not have actual notice of the easement.

The defendants claim that the recording of the easement in the drain commissioner's office in accordance with CL 1948, § 262.10 (Stat Ann 1952 Rev § 11.15) as re-enacted as CLS 1961, § 280.30 (Stat Ann 1960 Rev § 11.1030) was sufficient notice to protect their interests. Defendants also claim that the trial court erred in its finding that the plaintiffs did not have knowledge of the easement.

This case is controlled by *Peaslee* v. *Saginaw County Drain Commissioner* (1961), 365 Mich 338, which held that such an easement if not recorded

with the register of deeds office is void against subsequent purchasers in good faith.

The trial court found that the plaintiffs did not have actual or constructive notice of that portion of the easement which supposedly extended beyond the edges of the drains. We do not set aside findings of fact made by the trial judge unless clearly erroneous. GCR 1963, 517.1 There was sufficient evidence to support the trial judge's conclusion.

Judgment affirmed. No costs, a public question being involved.

J. W. FITZGERALD, P. J., and NEAL FITZGERALD, J., concurred.