VOLTMER FAMILY FARMS, INC., A NEBRASKA CORPORATION, APPELLANT, V. BOARD OF EQUALIZATION OF RICHARDSON COUNTY, NEBRASKA, APPELLEE.

343 N.W.2d 755

Filed February 3, 1984. No. 83-006.

Hoch & Steinheider, for appellant.

Richard L. Halbert, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Voltmer Family Farms, Inc. (Voltmer), appeals the judgment of the district court for Richardson County affirming the action of the board of equalization of that county in determining the actual value of Voltmer's real estate. We affirm.

In order to alleviate flooding and drainage problems caused by the Nemaha River, drainage district No. 1 (and its successor, drainage district No. 7) of Richardson County by proceedings in eminent domain in 1949 acquired a right-of-way affecting

Voltmer's farmland, namely, an easement for a river channel and drainage works, including earth removal, construction of levees, and a "floodway." The president of Voltmer testified that in connection with the condemnation proceedings, appraisers told him that the land subject to the easement would be removed from the county's tax rolls. The petition filed by the drainage district contained no allegation that the land within the easement would be removed from the tax rolls.

As the channel of the Nemaha crossed Voltmer's land, and adjacent to the river, there was a flood-plain bordered by a levee—all according to the right-of-way or easement acquired by the drainage district. From 1970 to the present action in the district court, Voltmer's farm of 160 acres, including the land subject to the easement, has been on the county tax rolls. As a result of Voltmer's protest and a hearing before the Board of Equalization of Richardson County, the actual value of the land subject to the easement was reduced by 50 percent. Voltmer claims that the land within the easement should have "zero valuation" and that the land within the easement should not have been taxed to Voltmer. The district court found that Voltmer failed to prove the board of equalization's action was unlawful, and affirmed the board's action in determining the actual value of Voltmer's real estate for taxation.

The record reflects misunderstanding regarding the nature of an easement and the manner of reaching actual value for taxable real estate which is subject to an easement.

An easement gives no title to the real estate on which the servitude is imposed. See, *Alvin v. Johnson*, 241 Minn. 257, 63 N.W.2d 22 (1954); *Kleih v. Van Schoyck*, 250 Wis. 413, 27 N.W.2d 490 (1947); *Morris v. Townsend*, 253 S.C. 628, 172 S.E.2d 819 (1970); *Douglas v. Medical Investors, Inc.*, 256 S.C. 440, 182 S.E.2d 720 (1971).

An easement is not an estate in land, and the es-

tate in fee simple from which an easement is granted is not reduced to a lesser estate as a result of the easement. See, *Town of Menasha v. City of Menasha*, 42 Wis. 2d 719, 168 N.W.2d 161 (1969); *Douglas v. Medical Investors, Inc., supra*.

An easement is an interest in real estate, an incorporeal hereditament, which permits use of another's land for a specified purpose. See, *Independent Sch. Dist. v. DeWilde*, 243 Iowa 685, 53 N.W.2d 256 (1952); *Peaslee v. Saginaw Drain Comr.*, 365 Mich. 338, 112 N.W.2d 562 (1961); *Alvin v. Johnson, supra*; *Farnes v. Lane*, 281 Minn. 222, 161 N.W.2d 297 (1968); *Morris v. Townsend, supra*; *Douglas v. Medical Investors, Inc., supra*; cf. *Consolidated School District No. 102 v. Walter*, 243 Minn. 159, 66 N.W.2d 881 (1954).

The drainage district did not acquire fee title to the Voltmer real estate located within the boundaries of the easement, but obtained only a right to use land in accordance with the stated purpose for which the easement was acquired. Acquisition of the easement did not transfer, reduce, or otherwise alter Voltmer's fee in the land within the confines of the easement.

"All tangible property and real property in this state, not expressly exempt therefrom, shall be subject to taxation, and shall be valued at its actual value. Such actual value shall be taken and considered as the taxable value on which the levy shall be made." Neb. Rev. Stat. § 77-201 (Reissue 1981). See *Hastings Building Co. v. Board of Equalization*, 212 Neb. 847, 326 N.W.2d 670 (1982).

"In an appeal from a county board of equalization on the ground that the property has been valued in excess of its actual value, the sole issue to be determined is the actual value of the property. . . . There is a presumption that the valuation made by a board of equalization is correct. However, this presumption disappears when competent evidence to the contrary is introduced. The reasonableness of the

valuation then becomes a question of fact to be determined from the evidence. . . . The burden of proof remains upon the party contesting the valuation to establish that the valuation was incorrect." *Otradovsky v. Board of Equalization*, 206 Neb. 559, 560-61, 294 N.W.2d 334, 336 (1980). For purposes of taxation "actual value," "market value," and "fair market value" mean exactly the same thing. See *Hastings Building Co. v. Board of Equalization*, *supra*.

It is true that one area of the Voltmer real estate may have a value less than another, when different areas within the entire tract are viewed as isolated and independent parts. However, Voltmer's title to the entire tract, that is, title to the land inside and outside the easement, united the 160 acres so that the easement's location at a particular site within the taxable unit was a burden borne by and affecting the whole tract. The easement's resultant burden was a factor to be considered in determining the fair market value (actual value) of the tract's unified acres—a factor for the formula found in Neb. Rev. Stat. § 77-112 (Reissue 1981) to ascertain "actual value" of taxable property. Cf. *Josten-Wilbert Vault Co. v. Board of Equalization*, 179 Neb. 415, 138 N.W.2d 641 (1965). Unification of the areas inside and outside the easement eliminates Voltmer's theory of separate valuation of those areas. The theory of separate valuation was Voltmer's only attack upon the determination of actual valuation made by the board of equalization. In rejecting Voltmer's theory we find that Voltmer has not rebutted the presumption of correct valuation made by the board of equalization. The judgment of the district court affirming the action of the board of equalization is correct.

Voltmer has alleged that in the condemnation proceedings to acquire the easement, the appraisers told Voltmer that the land within the easement would be removed from the county's tax rolls. Ap-

praisers in eminent domain proceedings are not representatives of the condemning authority, e.g., the drainage district, but, rather, are "disinterested" freeholders called upon to ascertain the compensation due the landowner as a result of the taking. See Neb. Rev. Stat. § 31-321 (1943). The rights acquired and consequential liabilities for governmental acquisition of the easement are determined by the declarations in the petition of taking filed at the commencement of the proceedings in eminent domain. See *Danish Vennerforning & Old Peoples Home v. State*, 191 Neb. 774, 217 N.W.2d 819 (1974); cf., *Gable v. State*, 176 Neb. 789, 127 N.W.2d 475 (1964); *Richardson v. Big Indian Creek Watershed Conservancy Dist.*, 181 Neb. 776, 151 N.W.2d 283 (1967). The statement attributed to the appraisers is a promissory stipulation not contained in the petition of taking and does not affect the easement acquired over Voltmer's land. See *Danish Vennerforning & Old Peoples Home v. State, supra*; cf. *Blobaum v. State*, 179 Neb. 304, 137 N.W.2d 855 (1965); cf., also, *Gable v. State, supra*. Therefore, whether such representation was made by the appraisers is irrelevant to the questions before us.

For the reasons given the judgment of the district court is affirmed.

AFFIRMED.