**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bay Light, LLC, Respondent,

v.

Westgate Office Park Landowners' Maintenance Association, Inc., Appellant.

Appellate Case No. 2021-000100

Appeal From Charleston County
Bentley Price, Circuit Court Judge

Unpublished Opinion No. 2023-UP-222
Submitted May 17, 2023 – Filed June 7, 2023

**AFFIRMED**

Erika V. Harrison, of Law Ofc. of Erika V. Harrison, of Charleston, for Appellant.

Stanley E. Barnett, of Stan Barnett, Attorney at Law, of Mt. Pleasant, for Respondent.

**PER CURIAM:** Westgate Office Park Landowners' Maintenance Association, Inc. (Westgate) appeals the grant of summary judgment to Bay Light, LLC (Bay Light) in a declaratory judgment action brought by Bay Light to determine whether Lot B-2, a tract of land that Bay Light purchased in 2018, was subject to parking

and access easements in favor of property owned by Westgate.  In granting summary judgment to Bay Light, the circuit court found the undisputed facts showed no easement encumbering Lot B-2 had been established.  We affirm.

"In reviewing the grant of summary judgment, [an appellate court] applies the same standard as the circuit court."  *Braden's Folly, LLC v. City of Folly Beach*, Op. No. 28148 (S.C. Sup. Ct. filed April 5, 2023) (Howard Adv. Sh. No. 13 at 33).  A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), SCRCP.  "When a motion for summary judgment is made and supported as provided in [Rule 56, SCRCP], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Rule 56(e), SCRCP.

In their pleadings, the parties agreed Westgate received title to three lots pursuant to a master deed that created the Westgate Office Park Horizontal Property Regime.  None of these parcels had a tax map number matching that for Lot B-2.  In 2005, the master deed was amended to include an introductory statement that "Lot B-2 . . . was never to have been a part of the [r]egime but was to be an out parcel adjacent to the [r]egime . . . ."  The amendment also purported to reserve rights for condominium owners in the regime to use Lot B-2 for various easements, including parking and access.  The circuit court granted summary judgment to Bay Light based on its determination that the "attempt to reserve rights in Lot B-2 as expressed in the First Amendment to the Master Deed [was] not a conveyance but an invalid attempt by [Westgate] to create rights in property it has never owned."

On appeal, Westgate argues that, notwithstanding admissions in its answer that it never owned Lot B-2 as part of the regime, there was an issue of fact as to whether a prior record owner of Lot B-2 had conveyed the property to the regime.  Based on this possibility, Westgate contends that the record, when viewed in its favor, could support a finding that it owned an undivided interest in Lot B-2 in 2005, when the regime filed the amendment to the master deed, under which it "expressly granted an easement across Lot B-2 to the Westgate Regime's Co-Owners, i.e[.] [Westgate], prior to its acquiescence to remove Lot B-2 from the Westgate Regime."

We reject this argument based on Westgate's assertion in its brief that it was the same entity as "Westgate Regime's Co-Owners." If, as Westgate maintains, it owned an undivided interest in Lot B-2, it could not have granted an easement across the property to itself. *See Windham v. Riddle*, 370 S.C. 415, 419, 635 S.E.2d 558, 560 (Ct. App. 2006) ("An easement cannot exist where both the purported servient and dominant estates are owned by the exact same person."), *aff'd*, 381 S.C. 192, 672 S.E.2d 578 (2009); *see also Windham v. Riddle*, 381 S.C. 192, 201, 672 S.E.2d 578, 582 (2009) (noting "[a]n easement is a right which one person has to use the land of *another* for a specific purpose" (emphasis added) (quoting *Douglas v. Med. Investors, Inc.*, 256 S.C. 440, 445, 182 S.E.2d 720, 722 (1971))).[1]

Based on the above-cited authorities, we hold Westgate, the party opposing Bay Light's summary judgment motion, failed to "set forth specific facts showing that there is a *genuine* issue for trial." *See* Rule 56(e) (emphasis added). Therefore, we affirm the grant of summary judgment to Bay Light.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and VINSON and VERDIN, JJ., concur.**

---

[1] We acknowledge an easement can be created by reservation in a deed of the servient estate when the transferor also owns the dominant estate. *See Sandy Island Corp. v. Ragsdale*, 246 S.C. 414, 419, 143 S.E.2d 803, 806 (1965) ("A reservation of an easement in a deed by which lands are conveyed is equivalent, for the purpose of the creation of the easement, to an express grant of the easement by the grantee of the lands."). The present case, however, is distinguishable from *Sandy Island* because the 2005 amendment to the master deed did not purport to operate as a conveyance of Lot B-2 and there was no deed reserving an easement to either Westgate or the Regime.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.