H. A. CHAMBERLAIN, PLAINTIFF IN ERROR, v. H. K. BROWN, MICHAEL PADDEN, AND JOHN. J. LEE, DEFENDANTS IN ERROR.

1. Error cannot be assigned upon a ruling or action of the district court made or taken with the consent of the complaining party.

2. Bill of Exceptions: VERDICT. An objection that the verdict of the jury is not sustained by the evidence cannot be sustained unless all the evidence submitted to the jury is made a part of the record and contained in the bill of exceptions.

3. Error. A judgment will not be reversed for errors appearing in the record, unless such errors have prejudiced the rights of the complaining party.

4. Instructions given and refused cannot be considered unless certified in the transcript by the clerk of the district court.

ERROR to the district court for Cherry county. Tried below before TIFFANY, J.

W. H. Westover and J. C. Johnston, for plaintiff in error.

No appearance for defendants in error.

REESE, CH. J..

This was an action in replevin, instituted by the plaint-iff in error, for the possession of one sorrel horse and one mouse-colored mule. The action was instituted against H. K. Brown, who was the constable, and who had taken the property on execution to satisfy a judgment in favor of Michael Padden and against J. J. Lee. Padden was sub-stituted as defendant instead of Brown, under the provis-ions of Sec. 50 of the civil code, and filed his answer, denying plaintiff's ownership, and alleging the ownership of Lee, the recovery of his judgment, and the levy upon the property. Lee also presented an answer, denying the ownership of plaintiff, admitting the levy under the exe-cution, and asserting his own title and right to possession, subject to the lien of Padden.

A jury trial was had, which resulted in a verdict in favor of defendant, which we here copy:

"We, the jury duly empaneled to try the issues joined in the above entitled cause, do find at the commencement of this suit that J. J. Lee was the owner of, and entitled to the possession of, the mouse-colored mule described in plaint-iff's petition, and was entitled to the possession of the roan or sorrel-colored horse named in the plaintiff's petition, and we do find the value thereof to be $100, and we do assess his damages at $100; and we do further find at the com-mencement of this action that the defendant, Michael Padden, was entitled to the possession of said mule and horse to the amount of his judgment of Michael Padden, as proven, to-wit, $57.80, and damages in the sum of $0.01."

A motion for a new trial was filed and overruled, where-upon a judgment was rendered upon the verdict, and to the ruling and judgment plaintiff excepts.

The assignments contained in the motion for a new trial are as follows:

"1st.   There was irregularity in the proceedings, in this, to-wit: In permitting John J. Lee to be made a party defendant.

"2d.   The damages of defendant Lee are excessive, and are not sustained by the evidence, the same appearing to have been given under the influence of passion or prejudice.

"3d.   The verdict and judgment are contrary to, and are not supported by, the evidence, to-wit: There is no evidence that defendant Lee is, or was at the commence-ment of this action, the owner of the mule in controversy.

"4th.   The verdict is contrary to law.

"5th.   The court erred in refusing to give the instruction asked for by the plaintiff.

"6th.   The court erred in giving the two last instructions given in the case.

"7th.   The court erred in refusing to sustain the plaintiff's motion to strike out all evidence concerning the contract between J. J. Lee and C. C. Collins, and Collins and Rolland.

"8th.   The court erred in overruling the plaintiff's objection to the introduction of said contract or evidence concerning the same, and in entering judgment on the verdict."

These assignments are substantially repeated in the petition in error, and may be noticed in their order.   As to the first assignment, it must be sufficient to say that the journal entry of the district court, of date Oct. 11, 1886, shows that, "with the consent of counsel for plaintiff, J. J. Lee was made party defendant."

If, therefore, Lee was improperly made a party to the action, it was by no error of the court, as it was done by plaintiff's consent, and he cannot now question it.

The second assignment will be considered in another part of this opinion.

The third cannot be considered, as the bill of exceptions shows affirmatively that the evidence adduced upon the trial is not all contained in the bill of exceptions.   From

Chamberlain v. Brown.

that which is before us, it appears that Lee was at one time the owner of a part of the property in dispute, and that he contracted to sell the same, with other property, to C. C. Collins, from whom plaintiff claims as purchaser. We quote a portion of the testimony :

Q.  I understand you to say this mule had never been out of your possession?

A.  It never did.

Q.  You owned it at that time?

A.  Yes, sir.

Q.  You may tell the jury the agreement and the contract between you and Mr. Rolland.

Objected to as immaterial and irrelevant.  Overruled. Plaintiff excepts.

Q.  Have you got that contract?

A.  Yes, sir.

Q.  Was that contract reduced to writing?

A.  Yes, sir.

Q.  Have you got it?

A.  I have got it, yes, sir.  (Witness produces a certain contract.)

Q.  You may tell me whose signature that is?

A.  C. C. Collins.

Q.  Who wrote it there?

A.  C. C. Collins.

Q.  Whose is that—down below there?

A.  He wrote that name.  C. C. Collins, and Collins & Rolland.

Q.  Whose name is that—down below there.

A.  That is mine.

Q.  Who wrote it?

A.  I wrote it.

The defendant offers this contract in evidence, and it is marked by the reporter "Exhibit A."

The contract referred to is not attached to the bill of exceptions, and is not in the record in any form.  What

its terms were, whether by it the sale was absolute or conditional, whether it was a contract of sale or an agreement to sell at a future day, we have no means of knowing. Therefore, we cannot say that the verdict was not sustained by sufficient evidence, all presumptions being in its favor; and this must dispose of the second assignment of error.

As to the fourth assignment, it is perhaps true that the verdict is informal. Sec. 191 of the civil code provides that, where property has been delivered to the plaintiff, and the jury shall find in favor of the defendant, they shall also find whether he had the right of property or the right of possession only at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for him. By the verdict in this case, the jury found that Lee was the owner of, and entitled to the possession of, the mule, and that he was entitled to the possession of the horse, and that the value thereof (of such possession) was $100. The essential part of the verdict was, that Padden was entitled to the possession of both mule and horse, and it sufficiently appears that his right was valued at $57.80, which was shown to be within the value of the property. Although irregular, there is nothing of which plaintiff can complain, the irregularity being without prejudice to him, all the issues having been found against him.

... So far as the instructions are concerned, there is no exception to any instruction given by the court, nor indeed are any such instructions certified in the transcript. The bill of exceptions contains what were probably the instructions given to the jury, but they are not certified to in any form, and cannot be considered. One instruction requested by defendant Lee is contained in the transcript, and was refused by the court, but of this plaintiff cannot complain.

. As to the seventh and eighth assignments, we have

already seen that the contract referred to is not in the record, and, therefore, that cannot be considered.

No prejudicial error appearing of record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.