MARY ANDRESEN, ADMINISTRATRIX OF THE ESTATE OF
DORA WITTE, V. JOHN L. CARSON.

FILED APRIL 21, 1898. No. 7652.

1. **Judgment by Agreement: APPEAL.** Where the record of a judgment, at the time of an appeal taken therefrom, recited that it had been rendered upon the consideration of agreement of parties, the appeal was unavailing and, on motion of appellee, was properly dismissed.

2. **Amendment of Record After Appeal.** After an appeal perfected, an amendment of the record of the judgment appealed from to show certain facts and a subsequent amendment whereby such facts were eliminated from the record, *held* to have accomplished nothing by way of amendment.

3. **Journal Entry: APPEAL.** The mere fact that in a journal entry a motion sustained was described as "a motion to dismiss an appeal because not taken in time" *held* not sufficient to prevent the appellate court from considering whether or not the ruling on said motion was proper, in view of grounds urged therein, but not recited in said journal entry.

REHEARING of case reported in 53 Neb. 136. *Judgment below affirmed.*

*Boehmer & Rummons* and *W. E. Stewart,* for plaintiff in error.

*J. H. Broady, contra.*

RYAN, C.

In this case there has been an order of reversal on a memorandum opinion filed December 21, 1897 (53 Neb. 136). On motion a rehearing was allowed and the case has been again submitted for our determination.

The transcript shows that, as against the estate of Dora Witte, the following proceedings were had in the county court of Lancaster county on December 4, 1893: "The claim of John L. Carson filed August 29, 1893, is taken up. J. H. Broady appears as attorney for claimant. Upon consideration of the agreement of parties the court

finds that Dora Witte executed a note to L. Meyer for $7,000 on June 21, 1892; that the same was assigned before maturity to John L. Carson; that said estate is indebted to said claimant in the sum of seven thousand three hundred twenty and 33-100 dollars ($7,320.33) as principal and interest on said note to date. Wherefore said claim is allowed for the sum of $7,320.33, with interest thereon from date until paid." A transcript of the above record was duly filed in the district court of Lancaster county January.4, 1894. This was not within thirty days from the allowance of the claim, which was December 4, 1893. But it is now insisted that the administratrix, not being required to give bond, could appeal by giving notice of such appeal within thirty days from the date of the allowance of the claim, and that, as such a notice was given December 30, 1893, the time for filing the transcript in the district court did not expire before January 13, 1894, because the statute gives ten days to the county court to prepare and file the transcript after due notice of appeal. This contention will be conceded for the purposes of this case, and from this concession it results that the appeal must be treated as having been taken on December 30, 1893, the date of notice thereof.

On January 3, 1894, a motion was made by the representative of the estate of Dora Witte to amend the above record of the county court, and on the same day this motion was sustained. The effect of this amendment was that the amended record recited that the hearing of the claim of December 4, 1893, had been on the answer filed by the administratrix and "upon the evidence introduced." On February 20, 1894, this amendment, upon motion of Carson, was set aside, so that the record of the county court is in the same form that it was when, as we have conceded for the purposes of this case, the appeal was taken. It is very obvious that if one of the amendments made after appeal is good the other is equally so. Neither of them can, therefore, be considered, and we are required to determine this case as

though no amendment of the record in the county court was ever attempted.

A judgment on the agreement of parties thereto is binding and will not be reversed on appeal. (*Ellis v. Karl*, 7 Neb. 381; *Chamberlain v. Brown*, 25 Neb. 434; *Norwegian Plow Co. v. Bollman*, 47 Neb. 186; *Weander v. Johnson*, 42 Neb. 117.) Against the application of the rule just invoked plaintiff in error urges upon our consideration a portion of the language of the order of the district court of Lancaster county, which order is assailed by these proceedings. This portion of said order is as follows: "This cause now comes on to be heard upon the motion of the plaintiff to dismiss the appeal in this case for the reason that the said appeal was not taken within the time prescribed by law, and is submitted to the court, on due consideration whereof the court doth sustain said motion." It is argued with reference to this language that the motion was sustained by the district court solely because the appeal was not taken in time. Even if this theory was correct the result contended for might not necessarily follow; but we cannot consider this question, for it is not presented. In the petition in error the recitation with regard to the appeal not being taken in time was described as a finding. The order sought to be reviewed, and specifically complained of in said petition in error, was that dismissing the appeal from the county court. The motion sustained is in the record and best speaks for itself. The reference to it in the journal entry, in the attempt to summarize its objects, was futile, in so far as the effect of such an attempt ignored the contents of the motion itself. The identification could just as properly have been attempted by a reference to the date of its filing, and yet a mistake in giving the date of filing could not eliminate a portion of the motion. It might lead to confusion as to what particular motion was under consideration, but that question does not arise, for it is conceded that the motion passed on is the one found in the record in this court.

One of the grounds of this motion was stated in this language:

"2. The transcript from the county court shows that the judgment sought to be appealed from was a judgment by agreement of parties, and that the claim of John L. Carson, appellee, was allowed by agreement of parties, * * * for which reason the case is not appealable."

This ground was well taken on the theory of plaintiff in error as to the date of the appeal from the county court, as we have already seen, and the order of the district court on this motion is accordingly

AFFIRMED.