CLARENCE BLOBAUM ET AL., APPELLEES, v. STATE OF
NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

137 N. W. 2d 855

Filed November 12, 1965. No. 35969.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., W. L. Strong, and James J. Duggan, for appellant.

Bosley & Bosley and W. C. Conover, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

The State took by eminent domain for highway purposes a small part of plaintiffs' ranch. The district court granted a new trial on the ground that the jury assessment of the amount recoverable was too small, and from this order the State has appealed.

The State acquired a fee simple title, excepting mineral rights, to 54.36 acres in the form of an irregular strip longer than a mile east-west; a permanent easement in 1.06 acres; and a temporary easement in 0.28 acre. The parties stipulated that for the purposes of trial the easements were to be considered a part of the taking instead of consequential damage. The jury, which had viewed the premises, returned a general verdict of $11,612 with special findings of $4,938 for the part taken and $6,674 for consequential damage.

The highway runs roughly through the middle of approximately 2,240 acres owned by plaintiffs before the condemnation. Cropland lies on both sides but most of the ranch is pasture. The expropriation in fee comprised 21 acres of farmland and 33.36 acres of pasture.

Some valuations, especially of the remainder before and after the taking, are far apart. In the testimony of one plaintiff, a neighboring rancher, and a real estate appraiser for plaintiffs the estimates range from $6,633.50 to $6,093, for the part taken, and from $36,775 to $32,587.25 for consequential damage, and from $43,053.40 to $38,680.25 for the total. From the testimony of two real estate appraisers for the State the amounts are $4,885 and $4,785 for the part taken and $4,615 and $5,410 for consequential damage, with totals of $9,500 and $10,195. Although the State finds weaknesses in plaintiffs' evidence, it does not pretend to shore up the

verdict with anything other than the testimony of its two experts.

The opinion of Russell Harrach, the first expert for the State, rested upon an extraneous consideration. During plaintiffs' case-in-chief witnesses pictured prominently the damage from highway interference with irrigation of cropland to the south. Although they referred vaguely a number of times to the possibility of laying pipes through tubes or concrete boxes built by the State underneath and across the highway, a license or easement was unmentioned.

Harrach testified on direct examination that 50 acres of cropland to the south had been reduced in value per acre from $150 to $100. Anticipating some inconvenience in irrigating, he expressed the possibility of running pipes underneath the highway. On cross-examination he was asked whether he had inquired concerning permission from the highway department and whether information from the department influenced his opinion. He answered: "I was told that it was permissible." Counsel for the State then volunteered: "* * * I will stipulate it is permissible." Opposing counsel objected but obtained no ruling. Discussion at the bench followed, but no further record of it was made.

The State attempts to justify Harrach's opinion on two grounds. First, it reminds us that plaintiffs cannot now complain because they proceeded without protecting their record. The reminder overlooks the distinction betwen errors at a trial and an inadequate verdict. An opinion of an expert witness has no probative force unless the assumptions for it are shown to be true. Cover v. Platte Valley Public Power & Irr. Dist., 167 Neb. 788, 95 N. W. 2d 117.

Second, the State tells us that plaintiffs should be held to the theory upon which they tried the case in the district court. Plaintiffs' evidence excluded a pipeline across the highway. The objection to the offer of counsel for the State was inconsistent with acceptance,

and the absence of a ruling cannot be expanded to acceptance by silence. Fairly interpreted, the offer amounted to a promissory stipulation. "An unaccepted promise to do something in the future cannot affect the character or the extent of the rights acquired or the amount of damages to be recovered as just compensation." Little v. Loup River Public Power Dist., 150 Neb. 864, 36 N. W. 2d 261, 7 A. L. R. 2d 355.

The second appraiser for the State also valued the farmland south of the highway at $150 per acre before, and $100 after, the taking. However, unlike the first one, he was unconcerned with irrigation after the taking because he considered it dry land. His unit estimate of $150 was not firm. He admitted not only ignorance of the availability of water for irrigation before the condemnation but also failure to inquire. He assumed that the supply would be adequate at times. He based value on assumptions with doubtful verification. We think that his testimony presented a borderline situation within the discretion of the district court, although the jury had viewed the premises. See Wagner v. State, 176 Neb. 589, 126 N. W. 2d 853.

An order granting a new trial will not be reversed by this court unless it clearly appears that there was no tenable ground. Wagner v. State, *supra;* De Matteo v. Lapidus, 116 Neb. 549, 218 N. W. 379. There is no reversible error.

The judgment is affirmed.

AFFIRMED.