VICTOR M. PETERSEN ET AL., APPELLANTS, v. SCHOOL DISTRICT OF BELLEVUE, COUNTY OF SARPY, STATE OF NEBRASKA, APPELLEE.

196 N. W. 2d 510

Filed April 20, 1972. No. 38145.

David S. Lathrop of Lathrop, Albracht & Dolan and Eugene T. Atkinson of Atkinson & Kelly, for appellants.

Dixon G. Adams, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action in eminent domain. Appellee school district condemned a tract of land belonging to appellants. The only issue presented is one regarding interest on the amount of the award. Interest was denied by the district court. We affirm the judgment of the district court.

Petition was filed in the county court on July 3, 1969.

An award was made by the appraisers on August 25, 1969, in the sum of $69,000. Condemner appealed to the district court and the verdict of the jury returned on March 25, 1971, was for $58,000. The record does not reflect any deposit made by condemner prior to trial in the district court.

Prior to the adoption of Laws 1951, c. 101, p. 451, we did not have a statute providing for interest on awards made in condemnation proceedings. Prior to the passage of this act, in compliance with accepted rules on the subject, interest was allowed in certain circumstances. In all instances the statute required a deposit of the amount of the appraisers' award before the condemner could take possession. Numerous cases determined that if, on appeal, the verdict of the jury was for a sum in excess of the appraisers' award, interest should be allowed but should not be allowed under other circumstances. See, Grimm v. Elkhorn Valley Drainage Dist., 98 Neb. 260, 152 N. W. 374; Langdon v. Loup River Public Power Dist., 144 Neb. 325, 13 N. W. 2d 168; Kennedy v. Department of Roads & Irrigation, 150 Neb. 727, 35 N. W. 2d 781. An exception to this general rule appears in Ehlers v. Chicago, B. & Q. R.R. Co., 118 Neb. 477, 225 N. W. 468, where interest was disallowed when the amount of the appraisers' award had been deposited, but the condemnee remained in possession.

It is generally conceded that the recovery of interest is a matter of strict constitutional right. See Annota-

tion, 36 A. L. R. 2d 428. It is also generally conceded that interest must run "from the time of the taking." See Annotation, 36 A. L. R. 2d 443. In regard to the "date or time of taking," there is a considerable divergence in the authorities. See Annotation, 36 A. L. R. 2d 447. Prior to the adoption of our present statute, the Nebraska cases cited above indicated that the "taking" occurred when the eminent domain proceedings were commenced. The Ehlers case, previously cited, was an exception to the general rule. The Nebraska rule diverged from the majority rule which holds that "time of the taking" refers to the time when the condemner actually entered into possession. See Annotation, 36 A. L. R. 2d 451. This is also the federal rule. "In the federal courts interest is usually allowed from the time of the actual taking or entry into possession by the condemnor, unless the rule of the state wherein the land is situated requires the allowance of interest from an earlier time." 27 Am. Jur. 2d, Eminent Domain, § 301, p. 115. See, also, Fibreboard Paper Products Corp. v. United States, 355 F. 2d 752 (9th Cir., 1966); United States v. Mahowald, 209 F. 2d 751 (8th Cir., 1954).

The applicable Nebraska statute, section 76-711, R. R. S. 1943, provides that the condemner shall not acquire any interest in or right to possession of the property until he has deposited the amount of the appraisers' award. It further provides that in the event of an appeal by the condemnee if he succeeds in obtaining an amount greater than the appraisers' award, he shall recover interest from the date of the deposit. If the condemner appeals, interest shall be allowed from the date of the deposit on the amount finally allowed, less interest on that portion of the deposit withdrawn by the condemnee.

It is clear the statute contemplates that the condemner has entered into possession as of the date of the deposit and intends that interest shall be awarded from the time condemnee has been deprived of possession. On

the other hand, it does not provide for the allowance of interest during the period that the condemnee retains possession.

There does not appear to be any valid constitutional objection to the statutory provisions. In Feltz v. Central Nebraska Public Power & Irr. Dist., 124 F. 2d 578 (8th Cir., 1942), it was held: "The Nebraska law that landowner appealing from appraisers' award of damages in condemnation proceeding may not recover interest on verdict of jury which is equal to or less than award of appraisers, is not violative of constitutional requirement that all courts shall be open and every person shall have remedy for injury without denial or delay, and that property shall not be 'taken' or 'damaged' for public use without 'just compensation.' ". In United States v. Certain Land in City of St. Louis, Mo., 41 F. Supp. 809 (D. C., 1941), affirmed 131 F. 2d 882, it is held: "The Fifth Amendment to the Federal Constitution guarantees to property owners full compensation for property taken for public use. That the full compensation guaranteed by the Constitution includes interest on the just compensation finally awarded when all or a portion thereof is withheld after the taking is no longer an open question. That full compensation includes the value of the use of the property after the taking and prior to payment therefor. * * * But interest as such is not *added* to value at the time of taking in order to arrive at just compensation subsequently ascertained and paid. Interest is merely the equivalent of the value of a portion of the property taken, in this instance the value of the use of the property at the time it was taken. * * * If the full value is paid at the time of taking, the owner has the use of the money in lieu of the property and no right to further compensation exists." In State, By State Highway Commissioner v. Hankins, 63 N. J. Super. 326, 164 A. 2d 615, it was held: " 'Whether interest must be paid on the value of land taken in a condemnation proceeding constitutionally depends on whether there is

a lapse of time between the date of the *actual taking of the property* and the tender of or payment of the value of the property so taken. The amount of interest and when it should be paid in turn depends on specific provisions with respect to interest in a statute or where there is no such provision then on general equitable principles.' " See, also, Central Nebraska Public Power & Irr. Dist. v. Fairchild, 126 F. 2d 302 (8th Cir., 1942); Kirby Lumber Corp. v. State of Louisiana, 293 F. 2d 82 (5th Cir., 1961); United States v. Mahowald, 209 F. 2d 751 (8th Cir., 1954).

Although it is true that a condemnee's use of his property during the pendency of eminent domain proceedings may be somewhat circumscribed due to uncertainty regarding the time when a condemner may deposit the amount of the appraisers' award and enter into possession, he continues to have its use and the rentals therefrom and any additional damages incurred, such as to crops, may be recovered. See Platte Valley Public Power & Irr. Dist. v. Armstrong, 159 Neb. 609, 68 N. W. 2d 200.

In the present instance, the condemner did not deposit the amount of the appraisers' award. The condemnees remained in possession until final judgment was entered on appeal to the district court at which time the judgment was paid in full. The appeal was taken by the condemner. Condemner not having made the deposit or entered into possession, the statute precludes the payment of interest alleged to have accrued prior to entry of final judgment. Condemnees take the position that the statute fails to cover a situation in which no deposit is made and that therefore the court may apply equitable principles in arriving at a solution of this case. We cannot agree with this. The statute allows interest only from the time a deposit is made and if none is made, interest cannot be assessed. To hold to the contrary would constitute judicial amendment and amplifying of the statute which is a legislative prerogative. Further-

more, if the statute is to be disregarded, then we fall back on the situation formerly presented at a time when there was no Nebraska statute on the question of interest. The cases decided during that period unanimously disallowed interest when, as here, the condemnees failed to obtain a greater sum on the appeal.

This court has stated that when a condemner makes a deposit in court, the amount of such payment constitutes a fund which is deemed a *substitute* to the owners for the land *of which they have been deprived* and for their damage. See Blecha v. School Dist. of Hebron, 173 Neb. 183, 112 N. W. 2d 783. Under the statute entry cannot occur until the deposit is made and until this occurs, the owner has not been deprived of his property. There is simply a procedure pending which will eventually result in such deprivation.

The judgment of the district court is affirmed.

AFFIRMED.

McCOWN, J., dissenting.

The majority opinion dismisses the constitutional issue of just compensation by indirectly overruling all the past Nebraska cases, without mentioning them, which have uniformly held that the "taking" is deemed to occur at the time the petition for condemnation is filed. The majority opinion now holds, in effect, that there is no "taking" until a condemner actually enters into possession. The majority opinion then states: "Condemner not having made the deposit or entered into possession, the statute precludes the payment of interest." It is quite clear that, statute or no, something in the nature of interest must be included in a condemnation award in order to produce the full equivalent of the value of an award paid contemporaneously with the taking. This is without question the overwhelming general rule. See cases cited in Annotation, 36 A. L. R. 2d 413 and 443.

As this court said in a case similar to this where the condemner did not make any deposit: "* * * the owner

is entitled to interest on the amount of the compensation from the taking no matter whether the verdict of the jury is larger or smaller than the award of the appraisers and no requirement rests upon the owner to make demand for such deposit or to take any action requiring such deposit to be made to entitle him to interest thereon." Langdon v. Loup River Public Power Dist., 144 Neb. 325, at page 335, 13 N. W. 2d 168.

The only case found which directly considered the specific issue involved here is Central Nebraska Public Power & Irr. Dist. v. Fairchild, 126 F. 2d 302. That case was cited with approval in Langdon v. Loup River Public Power Dist., *supra.*

The court in Fairchild said: "The constitutional provision prohibiting the taking or damaging of private property for the public use without just compensation does not of itself suggest procedure for the taking of private property for such uses. That has evolved in Nebraska from the statute and from the decisions which firmly establish that for the purpose of assessing damages the 'condemnation' or 'taking' is deemed to occur at the time the petition for condemnation is filed."

The court in Fairchild specifically rejected the argument, now adopted by the majority opinion here, that interest should not commence until the time of entry into possession by the condemner. Both the majority opinion and the dissent in Fairchild agreed that interest must be allowed from the date the petition for condemnation is filed but disagreed only as to the proper rule to be applied in requiring the condemnee to account for the use of the property during the time he retained possession. The majority held that the actual amount of rentals received by the landowner during the pendency of the appeal should be offset against the interest allowed while the dissent determined that the landowner ought to be required to account for the reasonable value of the use of the property during the time of retained possession and not simply for such rental payments as

he had actually collected. As Judge Johnson said in the dissent: "The allowance of interest in a condemnation case in Nebraska is not a fixed statutory right, but simply a means of insuring 'just compensation' to the property owner. The only thing for which it can reasonably be held to constitute compensation is a deprivation of the use of the property or of the funds substituted for the property, during the condemnation litigation period."

In this case, the tract of land condemned was held for development and was not rented or used during the litigation period. The filing of the condemnation action effectively stopped all uses to which it might otherwise have been put and there was no evidence that its use had any reasonable value during the period of litigation. All of the expert testimony as to value was as of the date of filing the petition for condemnation. In spite of that fact, the majority opinion now holds that the "taking" as to which all of those witnesses were testifying, did not occur until the condemner might decide to enter into possession or until the final verdict of a jury might be entered on appeal. That is clearly a violation of the constitutional mandate that "the property of no person shall be taken or damaged for public use without just compensation therefor." The absence of a statute which specifically authorized interest was wholly immaterial. It should be noted also that the statute itself has now been changed to require deposit within 60 days from date of award of appraisers, and it entitles the condemnee to interest from date of deposit, where the appeal is by the condemner. § 76-711, Laws 1971, L. B. 191, § 1. There is even a serious question as to whether that statute by its own terms is applicable to pending appeals such as this one.

The judgment should have been reversed, and the condemnees should have judgment for the amount of the award with interest from the date the petition for condemnation was filed.

SMITH and CLINTON, JJ., join in this dissent.