THE DANISH VENNERFORNING AND OLD PEOPLES HOME, A NEBRASKA CORPORATION, APPELLEE, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

217 N. W. 2d 819

Filed May 9, 1974. No. 39265.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., Gary R. Welch, and Royce N. Harper, for appellant.

Harry J. Farnham, Patrick F. Moylan, and Harry H. Foulks, for appellee.

Heard before WHITE, C. J.; SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and FLORY, District Judge.

McCOWN, J.

The plaintiff filed its petition against the State Department of Roads to require the department to provide reasonable and convenient access to plaintiff's property; to replace access destroyed by highway construction; and to recover damages. The District Court entered a partial summary judgment ordering the defendant to

restore access to plaintiff's property as nearly as possible to its location and condition prior to the construction, and retained jurisdiction for the determination of damages sustained because of the denial of access until the completion of the restoration of the access ordered. The defendant has appealed.

The plaintiff, The Danish Vennerforning and Old Peoples Home, a Nebraska corporation, owns approximately 21 acres of land in Omaha, Nebraska, on which it operates a recreation hall and maintains a park. The only access to and from plaintiff's property prior to the matters involved here was on North Ridge Drive, an east-west street, which abuts plaintiff's property for several hundred feet along the south side. The westerly portion of North Ridge Drive was a deadend and there was no access on the west or north. A private road on plaintiff's property extended from the area of the clubhouse in the westerly portion of plaintiff's property to the southeasterly corner, where it left plaintiff's property and entered North Ridge Drive. From that point, the access route was east on North Ridge Drive to 30th Street, a north-south arterial.

The defendant, Department of Roads, was in the process of constructing an interchange for the interstate highway system which involved relocation and reconstruction of several streets north and east of the plaintiff's property. The construction of relocated 30th Street would close North Ridge Drive east of plaintiff's property.

On January 19, 1970, the Department of Roads filed a condemnation action against the plaintiff in which the State sought to acquire an easement for cut and fill purposes covering 125,664 square feet, largely in the north portion of plaintiff's property. The condemnation petition did not seek to acquire any access rights and specifically provided that upon completion of the interstate project "all rights, interests and use of the

above described easement area shall be returned to the owner * * *."

A condemnation hearing was held on February 16, 1970, by the appraisers to determine the award to plaintiff for the temporary construction easement being condemned. At that hearing the Department of Roads set out a plan for access to plaintiff's property through the construction of an access road from plaintiff's property at approximately the location of the existing access road onto North Ridge Drive, and thence south across North Ridge Drive and down to Howell Street, the next east-west street to the south of North Ridge Drive. The appraisers, before making any return of the award for the temporary construction easement, required the Department of Roads to file an affidavit that the department would, in fact, build such an access road, and such an affidavit, with supporting plans, was executed and filed by the Department of Roads.

On February 20, 1970, the appraisers made their award in the condemnation action to the plaintiff in the sum of $2,500. The affidavit of the Department of Roads agreeing to construct the access road was attached to the award. The plaintiff did not consent or agree to the building of the access road proposed. The plaintiff withdrew the $2,500 condemnation award from the county court on March 17, 1970, and no appeal was filed in that proceeding. Construction commenced thereafter and in August 1970, in the process of construction, the defendant completely destroyed North Ridge Drive east of plaintiff's former point of access.

The action here was commenced on July 21, 1971. On September 16, 1971, the plaintiff applied for a restraining order and temporary injunction against further construction and at that time the construction was almost completed, with only incidental finishing remaining to be done.

On July 26, 1973, the District Court granted the plain-

tiff's motion for partial summary judgment and ordered the defendant to restore plaintiff's access by way of North Ridge Drive to relocated 30th Street so that said access would be as near as may be to the former access destroyed by the defendant. The District Court also retained jurisdiction for further proceedings to be had with respect to damages sustained by reason of denial of access until the completion of the restoration as ordered. This appeal by defendant followed.

The defendant contends that it acquired the right to destroy and change access to the plaintiff's property by virtue of the condemnation proceeding and since there was no appeal from that proceeding, the plaintiff is now foreclosed from seeking further relief.

Plaintiff contends that the Department of Roads acquired only a temporary construction easement for cut and fill purposes by virtue of the condemnation proceeding, and that because of section 39-1329, R. R. S. 1943, right of reasonable egress and ingress may not be denied without consent, except by condemnation, and that it is therefore entitled to the order requiring the defendant to restore the original access, as well as to damages until restoration is completed.

The only interest sought to be acquired by the defendant in the condemnation proceeding was an easement for cut and fill purposes and that easement right was to expire after construction was completed. The petition did not seek to acquire any access rights owned by the plaintiff as an abutting owner on North Ridge Drive or any street or highway. The law is well settled in this jurisdiction that in a condemnation proceeding an owner receives full compensation for all damages sustained and the measure of those damages is the actual legal rights acquired by the condemner and not the use actually made of the land by the condemner. A condemner must take the rights he appropriates unconditionally by his petition of taking and he must

pay full compensation. to the condemnee for what he takes or is entitled to take by his petition of taking. Richardson v. Big Indian Creek Watershed Conservancy Dist., 181 Neb. 776, 151 N. W. 2d 283.

Although it is clear that the defendant did not acquire any access rights of the plaintiff under its petition for condemnation, defendant contends that because it agreed to build the new access road, and the appraisers took that agreement into consideration, the condemnation action should be treated as though it included access rights. On that score it must be pointed out that the evidence establishes that plaintiff did not consent to or accept that proposal. The offer and commitment amounted to a promissory stipulation. As this court said in reference to a somewhat similar unaccepted promissory stipulation in a condemnation case: " 'An unaccepted promise to do something in the future cannot affect the character or the extent of the rights acquired or the amount of damages to be recovered as just compensation.' " Blobaum v. State, 179 Neb. 304, 137 N. W. 2d 855.

An abutting property owner is entitled to recover the damages resulting from the destruction or material impairment by the State of his right of access to an existing highway or street. W.E.W. Truck Lines, Inc. v. State, 178 Neb. 218, 132 N. W. 2d 782. Whether the right of access to an existing street has been destroyed or materially impaired is a question of fact which must be determined upon the particular facts in each case. The fact that plaintiff's right of access was impaired has been determined by the trial court, but the extent and effect of the impairment and the amount of resulting damage to plaintiff's property have not been determined.

The District Court determined that section 39-1329, R. R. S. 1943, required defendant to restore the access involved here. That section provides in part: "The

right of reasonable convenient egress and ingress from lands or lots, abutting on an existing highway, street, or road, may not be denied except with the consent of the owners of such lands or lots, or with the condemnation of such right of access to and from such abutting lands or lots."

Here the new access road built by the defendant provided egress and ingress although there was an issue as to whether it was reasonably convenient. In addition, there is no dispute but that the Department of Roads had the authority to condemn the access rights involved here and believed it had done so. The critical issue is whether injunctive relief requiring affirmative action was justified under the facts here.

To enter an injunction against the Department of Roads which not only enjoined it from further illegal action but also required it to destroy work already completed and reconstruct the access road to its original location and condition was unwarranted under the circumstances here. A plaintiff should not be permitted to stand by and allow the State to complete the act of taking or damaging his property and then compel the State to undo all the work which has been done and restore the property to its original condition simply because the condemnation proceeding conducted by the State did not effectively extend to the exact property taken or damaged. Sound public policy would require the rejection of such a result. Where land has been taken or damaged for public use and the work completed without just compensation being first made, and continued possession is necessary and proper for such public use, the owner is not entitled to injunctive relief but is limited to an action for damages for the property taken or damaged. See Los Angeles Athletic Club v. City of Long Beach, 128 Cal. App. 427, 17 P. 2d 1061.

The partial summary judgment of the District Court is vacated and the cause is remanded to the District

Court for trial to determine the factual issue of the amount of damages to plaintiff's property resulting from the taking or damaging of access rights by the State of Nebraska, Department of Roads.

JUDGMENT VACATED AND CAUSE REMANDED.