265 N.W.2d 446 (1978)
200 Neb. 740
Esther LANGENHEIM, Appellant,
v.
The CITY OF SEWARD, for and on Behalf of the SEWARD AIRPORT AUTHORITY, Appellee.
No. 41447.
Supreme Court of Nebraska.
May 3, 1978.
*448 Blevens, Blevens & Jacobs, Seward, for appellant.
Thomas E. Johnson, Kirk S. Blecha of Baird, Holm, McEachen, Pedersen, Hamann & Haggart, Omaha, for appellee.
Heard before SPENCER, BOSLAUGH, WHITE, JJ., and RIST and KELLY, District Judges.
RIST, District Judge.
This is an action wherein the defendant, City of Seward, filed its petition in the county court of Seward County, Nebraska, on September 27, 1974, to condemn 98.80 acres of the southeast quarter, Section 5, Township 10 North, Range 3 East of the 6th P.M., Seward County, Nebraska, for airport purposes. Said southeast quarter section together with an 80-acre tract across the highway to the east thereof, were owned by the plaintiff, Esther Langenheim.
After the appointment of appraisers, proceedings were delayed until May 12, 1975, because of an injunction respecting the city's authority to proceed in this case. At that time the appraisers filed their return in the county court awarding the plaintiff, as owner, and Burhoop Brothers, a partnership, as lessees, the sum of $122,512 for the land taken in fee title and awarding to the same parties severance damages in the amount of $35,514 plus $50 for abstracting. No apportionment of any of said damages was made between the plaintiff landowner and the lessees.
Plaintiff perfected her appeal from said award to the District Court for Seward County. Burhoop Brothers did not appeal. Plaintiff, in her petition in the District Court, pleaded that she was the sole owner of the real estate condemned and the only person entitled to compensation for the taking, and that the tenants named in the award were not entitled to any portion of the compensation which might be awarded for such taking.
Subsequent to the filing of plaintiff's petition on appeal, the defendant City moved to file a third party petition against Burhoop Brothers, alleging in said petition that since plaintiff made exclusive claim to any damages to be awarded and because of the joint award made in the county court, the court should determine the portion, if any, of any award or judgment to which Burhoop Brothers, were entitled. Leave to file the third party petition was granted, apparently without objection. Service was had upon said third party defendants and *449 on April 22, 1977, following the trial of plaintiff's action to the jury, the District Court entered a default judgment against said third party defendants determining that they were entitled to no portion of either the award of the appraisers or the verdict and judgment of the plaintiff.
Plaintiff's case was tried to a jury in March of 1977 and on the 10th day of said month a verdict was rendered in favor of plaintiff and against defendant in the amount of $147,000, for which amount judgment was entered.
Plaintiff's motions for new trial were overruled and her appeal was perfected to this court.
Plaintiff complains that the trial court erred in sustaining defendant's motion in limine which established the date on which damages were to be determined as September 27, 1974, the date the petition in condemnation was filed in county court. Plaintiff also claims that her motion in limine, to set said date as June 27, 1975, when the appraisers' award was paid into court, should have been sustained.
Plaintiff's position is based upon her reading of this court's decision in Petersen v. School Dist. of Bellevue, 188 Neb. 354, 196 N.W.2d 510. Plaintiff asserts that case has overruled a long line of decisions of this court holding the valuation date to be the date of the filing of the petition in condemnation, and that Petersen now establishes the correct valuation date to be the date of payment of the appraisers' award into court.
We disagree with plaintiff's contention. First, the Petersen case deals solely with the question of when interest begins to run on a condemnation award, there being no issue raised therein as to the proper valuation date. Second, this court specifically considered this issue in Platte Valley P. P. & Irr. Dist. v. Armstrong, 159 Neb. 609, 68 N.W.2d 200. At the time of that decision the provisions of Chapter 76, article 7, R.R. S.1943, material to the case before us, were the same as now. In Platte Valley the trial judge had instructed the date of valuation to be the date the award was paid into court and not when the petition in condemnation was filed. This court, in specifically holding that to be erroneous, said: "It has long been a general rule in this jurisdiction, unchanged by Chapter 76, article 7, R.S. Supp., 1953, that the market value of lands taken by eminent domain proceedings, together with damages, if any, to other remaining lands by severance, are computable as of the time of the taking, which is deemed to occur when the petition for condemnation is filed."
Finally, while apparently dicta, it is nonetheless instructive to note that this court in Harmony Lanes v. State, 193 Neb. 826, 229 N.W.2d 203, a decision subsequent to Petersen held the date of taking was when the action commenced in county court.
We reaffirm that the date for purposes of determining valuation and damages in eminent domain proceedings is the date condemner files his petition in condemnation in the county court.
Plaintiff next contends that the trial court erred in refusing to submit special findings to the jury which would have resulted in separate findings of (1) the value of the land taken in fee, (2) the amount of severance, if any, to the quarter section from which the tract in fee was taken, and (3) the amount of severance damages, if any, to plaintiff's 80 acres immediately east of the quarter section. The trial court had instead submitted a single verdict form for all damages to which plaintiff was entitled.
Plaintiff's contention rests upon two arguments. First, that since the appraisers' award in the county court had separated the value of the fee from the severance damages, the District Court had to treat these as the issues tried below and submit them to the jury in the same manner. Second, a failure to separate damages for fee taking from severance damages, subjects plaintiff to an increase in federal income tax burdens.
With respect to these arguments, it is first noted that the trial court correctly instructed the jury on the determination of damages for both the fee taking and for severance.
*450 We disagree with plaintiff that the submission of the same issues raised in the county court required the District Court to submit the precise form of the damage award used in the county court. The issue was damages, both for the taking and for the severance, and these issues were tried and submitted to the jury in the District Court. The fact that they were awarded together in one verdict goes to the technical form of reporting the result, not to the issues considered. We agree with defendant that the identity of the cause of action was preserved and the same issues presented at trial, as at the commencement of the action in county court.
We also point out that the submission of special findings rests within the sound discretion of the trial court. Masonic Bldg. Corp. v. Carlsen, 128 Neb. 108, 258 N.W. 44. Unless the record shows an abuse of that discretion, the trial court's decision should stand. Hedrick v. Strauss, 42 Neb. 485, 60 N.W. 928.
We find no such abuse shown unless plaintiff's contention respecting possible income tax consequences would so qualify. As to this contention, no extended discussion of federal tax law is required except to say we are satisfied that plaintiff has adequate recourse under federal statutes to obtain a determination of the division between damages for taking and severance, as she may believe necessary and appropriate. More to the point, however, is the fact that such tax consequences, however important to plaintiff, are a purely collateral matter to this action and totally unrelated to the issues here involved. Courts are not required to accommodate litigants on matters beyond those material to the action being tried, and litigants have no right, constitutional or otherwise, to insist upon such accommodation. We find no abuse of discretion by the trial judge in denying plaintiff's request for special findings.
Plaintiff next contends that the trial court erred in permitting defendants' witnesses, Achord and Loftis, to give opinions of value as expert witnesses without foundation showing they were licensed appraisers. This contention rests upon the fact that no affirmative showing of such licensing appears in the record and upon the provisions of section 81-8, 286, R.S.Supp., 1976, which provides in substance that no person shall, after January 1, 1974, act as a real estate appraiser without a license issued by the State Real Estate Commission, and no person shall testify as an appraiser before any court unless so licensed.
A review of the bill of exceptions reflects that as to each of these witnesses, defendant laid such foundation as to training, experience, and knowledge of the land involved as would qualify the witness to express an expert opinion. No showing of licensing appears in the record. When the opinion of each witness was asked, plaintiff's only objection was "Objection, foundation," or "Objection, lack of foundation." No basis for such objections was ever stated or detailed.
Section 27-103, R.R.S.1943, of the Nebraska Evidence Rules requires a timely objection to the admission of evidence stating the specific ground of the objection if a specific ground is not apparent from the context within which the question was asked. The reason for the requirement of specificity is to permit both court and counsel to better deal with the objection, either by way of counsel's correction of the claimed error, or as assistance to the court for a fair and more accurate ruling.
It is our conclusion that the defendant, having laid a sufficient foundation to show requisite expertise and knowledge of these witnesses and plaintiff, having failed to specify the failure of licensing in her objection to foundation, is now barred from effectively raising such omission as an error on appeal.
Plaintiff's contention that the court erred in failing to file the instructions with the clerk of the court is sufficiently answered by plaintiff's admission in her brief that it was not prejudicial to her. It affords no basis for reversal herein.
*451 Plaintiff asserts that the trial court erred in refusing to allow appraisers' and attorney's fees to plaintiff under the provisions of section 76-720, R.R.S.1943. The applicable provisions of this statute provide that the trial court, in its discretion, may allow such fees when the condemnee appeals and recovers a final judgment greater by 15 percent than the appraisers' award in the county court. As indicated earlier, plaintiff's verdict was $147,000 and the joint award of the appraisers was $158,076.
Plaintiff argues that the joint award last noted, which was to both plaintiff and Burhoop Brothers, must be treated as one-half to plaintiff and one-half to Burhoop Brothers and therefore the verdict qualifies her for the allowance of fees. Plaintiff cites no authority and we know of none which says that a joint award to landlord and tenant must be considered as an equal award to each. The respective legal interests of these parties in this real estate are materially different and there is no evidence in the record to afford any basis for determining what amount of the award the appraisers considered allocable to each. The burden was on plaintiff to prove the necessary basis for the allowance of fees and having failed to do so there was no abuse of discretion in the trial court in denying such allowance.
Finally, plaintiff claims that the trial court erred in entering a default judgment against Burhoop Brothers as third party defendants, holding they had no interest in the award or verdict, and further erred in overruling plaintiff's motion, after trial, to dismiss the appeal and reinstate the appraisers' award. The above claims are intertwined and will be considered together.
Plaintiff presents a curious mixture of arguments, insisting on the one hand that the statutory basis for third party proceedings was not pleaded or shown and that the pleading for a default judgment against third party defendants was a nullity, but admitting, on the other hand, in her brief that "Plaintiff is not complaining about a default judgment against the tenants, but objects to the time and manner in which it was done."
Plaintiff's basic complaint is that if the default judgment against third party defendants had been entered before plaintiff's trial, then plaintiff would have had the right to dismiss her appeal and accept the appraisers' total award in county court, but since the default judgment came after trial, the trial court should have sustained plaintiff's motion to vacate the judgment on the verdict, and permitted plaintiff to withdraw her appeal and accept the appraisers' award.
Plaintiff is correct that the nature of the interest of Burhoop Brothers, if any, in this litigation was not within the provisions of section 25-331, R.R.S.1943, since clearly such third party defendants would not be liable to the City of Seward for any portion of plaintiff's claim against such City. Be that as it may, plaintiff made no objection to the procedure followed or the issue presented in the third party petition until after her own case was tried and the default judgment entered on the third party petition. She had the right to raise such objections prior to her trial.
A party cannot complain of error when, by his own action, he has acquiesced therein. Ellsworth v. City of Fairbury, 41 Neb. 881, 60 N.W. 336. A party may not complain of error which he has invited. One who asks relief which is granted, cannot appeal from such decree because the effect is different from that anticipated by the party. County of Kearney v. State Board of Equalization & Assessment, 183 Neb. 329, 160 N.W.2d 179. If one is improperly made a party to an action, the error is waived if it was done with consent of the party now complaining. Chamberlain v. Brown, 25 Neb. 434, 41 N.W. 284.
We hold that plaintiff may not now challenge the court's actions with respect to the third party complaint, since she made no timely objection thereto and elected to first proceed with her own trial. Having made that election, she may not now, with the benefit of hindsight, seek to change the effect of it.
*452 We have reviewed the record in this case with respect to plaintiff's general assignment of error that the trial court failed to grant a new trial. We find no error with respect to this assignment.
The judgment of the District Court is affirmed.
AFFIRMED.