V.P.O., INC., A CORPORATION, APPELLANT, v. GEORGE A. MONEY, APPELLEE.

266 N. W. 2d 79

Filed May 17, 1978. No. 41531.

Tyler B. Gaines of Gaines, Otis, Mullen & Carta, for appellant.

Jack W. Marer and Diane C. Sonderegger of Marer, Venteicher, Strasheim, Seidler, Laughlin, Lazer & Murray, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

Plaintiff, a Nebraska corporation, brought this action against the defendant, an individual, to recover the purchase price of 45 drums of N-propyl alcohol

allegedly purchased by him from the plaintiff. The defendant answered with essentially a general denial. This action was consolidated for trial with another action by the plaintiff against a corporation, with which the defendant is affiliated, Economy Products, Inc., for the purchase price of certain mixing equipment. Both actions were tried to the court without a jury.

On May 5, 1977, the District Court entered its judgment and findings as follows: " * * * the Court now finds in favor of the defendant and against the plaintiff on plaintiff's amended petition. The Court further finds that there was a sale of alcohol, but that the purchaser of same was Economy Products, Inc. and not the defendant.

"It is therefore ordered, adjudged and decreed that judgment is hereby entered in favor of the defendant, George A. Money, and against the plaintiff * * *."

Plaintiff filed an "Alternative Motion to Correct Judgment or for New Trial" which was overruled, and now appeals. We affirm the judgment of the District Court.

Plaintiff reads the decree as containing inconsistent findings. As we interpret it, however, the decree, while perhaps not drafted in the most exact terminology, is entirely harmonious.

In its second amended petition, plaintiff sought recovery from the defendant, as an individual, for the price of 45 drums of N-propyl alcohol allegedly purchased from it by the defendant. Defendant answered with a general denial. The record discloses that the defendant raised two basic defenses to plaintiff's claim at trial: First, that the transaction involved was not an absolute sale but rather a conditional sale, and that the conditions which would have entitled plaintiff to payment never occurred; and second, that at all times relevant the defendant, in his business dealings with the plaintiff, was acting

as the representative or agent of various corporations and not as an individual. As we read the decree of the District Court, dated May 5, 1977, the District Court, in essence, found that there was an absolute sale of the alcohol, but that the defendant (who was sued as an individual) was not liable for the purchase price because at all times relevant he was acting as agent for a disclosed principal, Economy Products, Inc. "If a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone and the agent cannot be held liable thereon." Fisher v. Beebe & Runyan Furniture Co., 200 Neb. 349, 263 N. W. 2d 826 (1978). Consequently, the District Court dismissed plaintiff's petition against the defendant.

The judgment of a trial court in an action at law where a jury has been waived has the effect of a verdict of a jury and will not be set aside on appeal unless clearly wrong. Crane Co. v. Roberts Supply Co., 196 Neb. 67, 241 N. W. 2d 516 (1976). In determining the sufficiency of the evidence to sustain a judgment, the evidence must be considered most favorably to the successful party and every controverted fact must be resolved in that party's favor. If there is a conflict in the evidence, this court will presume that the controverted facts were decided by the trial court in favor of the successful party and the findings will not be disturbed on appeal unless clearly wrong. Henkle & Joyce Hardware Co. v. Maco, Inc., 195 Neb. 565, 239 N. W. 2d 772 (1976).

Neither party contests, on appeal, the correctness of the District Court's finding that a sale of the alcohol did in fact occur. There is ample evidence in the record to sustain this finding, and we shall, therefore, not review in this opinion this evidence in detail. The gravamen of plaintiff's appeal is whether or not there is sufficient evidence to support the Dis-

trict Court's finding that the defendant was not personally liable on the sale of alcohol.

Willis Winstrom, president of the plaintiff, testified that he had done business with George Money and Economy Products, Inc., prior to the transaction in question and that he knew the name through trade channels. He stated that plaintiff first started doing business with George Money, or Economy Products, Inc., in 1966 or 1967. He testified he was sure that this account was carried on their books as "Economy Products," and that this is the way they were billed and how invoices were made out.

Winstrom further testified that during the summer of 1974, when this transaction took place, he had no personal knowledge whether Economy Products was incorporated or not. He testified that, "I looked at George Money as George Money." It was his understanding that Economy Products, Inc., was just a trade name, a company name. He admitted on cross-examination that he knew George Money was connected with Economy Products, Inc., but stated that he was of the opinion that George Money was doing business as Economy Products and never inquired as to its corporate status.

Plaintiff originally filed this action against George Money doing business as Economy Products. When it was subsequently learned that Economy Products was incorporated the action was continued against George Money, individually. Winstrom testified that during a conversation in his office on August 24, 1974, essential to this transaction, he did not recall Money every mentioning the names of Economy Products or Shepard Laboratories. The record shows that after the alcohol was received by plaintiff, it was shipped by plaintiff, via a commercial truck company, to premises which were rented and occupied by Economy Products.

George Money testified that he started working for Economy Products around 1962 and that it was a

corporation then. He stated that Economy Products was incorporated in the State of Iowa and that in the latter part of 1973 it was admitted to do business in the State of Nebraska. Money testified that he became the principal stockholder in Economy Products around 1969 and at the relevant times was and currently is president of Economy Products. In addition to being Economy's president, Money stated that he is its general manager and in charge of all its business operations and its properties, owned or leased. At the relevant times to this transaction, Economy Products owned 51 percent of a business enterprise known as Shepard Laboratories. Money was then the president of Shepard Laboratories.

Money testified that he started doing business with the plaintiff in 1966. He stated that he paid all his bills with plaintiff as Economy Products with Economy Products' checks.

Money specifically testified that in all his dealings with the plaintiff he was dealing on behalf of Economy Products, Inc. He stated that he was dealing for Economy Products and not for George Money personally. He testified that in his conversations with representatives of the plaintiff he never said that he would personally purchase the alcohol. He stated that, but for his stock in Economy Products, Inc., he has no other business and that he would have no use for this personally, nor was he personally engaged in any business that would have any use for the alcohol.

The following from the deposition of George Money was read into evidence.

"Q. Did you indicate to them that you were acting for Shepard, or were you acting for Shepard?

"A. Well, I assumed they understood that. I don't recall making any specific statements about it."

Exhibit 3 is an invoice from plaintiff dated August 30, 1974, for the alcohol. It indicates: "SOLD TO:

Economy Products, Mr. George Money, 1521 North 11th Street, Omaha, Nebraska. SHIP TO: Same." Exhibit 4 is a letter from Willis Winstrom, dated March 21, 1975, concerning payment for the alcohol. It is addressed to: "Mr. George Money, Economy Products Company *Inc*." (Emphasis supplied.) Exhibit 5 is a letter from plaintiff's attorney, dated June 13, 1975, concerning payment for the alcohol. It is addressed to: "Economy Products. Attn: Mr. George Money." Exhibit 7 is a memo from George Money, dated September 2, 1975, to plaintiff, seeking to return the alcohol. It bears the letterhead of "Economy Products Company, *Inc*." (Emphasis supplied.)

There is sufficient evidence to support the District Court's finding that the defendant did not individually purchase the alcohol, but that he did so as agent and representative of a disclosed principal, Economy Products, Inc.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.