THE DANISH VENNERFORNING AND OLD PEOPLES HOME, A NEBRASKA CORPORATION, APPELLEE, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

266 N. W. 2d 914

Filed June 21, 1978. No. 41715.

Paul L. Douglas, Attorney General, Warren D. Lichty, Jr., and John E. Brown, for appellant.

Harry H. Foulks and James B. Miller of Farnham & Moylan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from an award of damages by the District Court for the impairment of the access rights of the plaintiff-appellee by the defendant-appellant. This case has been before this court previously. See Danish Vennerforning & Old Peoples Home v. State, 191 Neb. 774, 217 N. W. 2d 819. On that occasion we vacated an order of the District Court which directed the State to remove an access road it had constructed to plaintiff's park and to build an access road at a designated location. We remanded the cause to the District Court for determination of damages resulting from defendant's taking or damaging of access rights. This is an appeal from an award to plaintiff on remand of $62,060. We reverse.

In the process of relocating a street, the defendant destroyed the access road leading to plaintiff's park. The defendant built a new access road which the plaintiff contends substantially impairs its right to access. In the prior opinion, this court noted that while the defendant did not acquire any access rights of the plaintiff under its petition for condemnation, the defendant had the authority to condemn the access rights and thought it had done so. We found possession of the access rights to be necessary

and proper for the public use and confirmed the taking. We remanded the cause to the District Court solely to determine the amount of damages which resulted from the State's taking or damaging of access rights.

On remand, the District Court held that the defendant's taking of the original access rights were unlawful, quieted title to those rights in the defendant, and determined that the quieting of title would diminish the market value of plaintiff's property in the sum of $62,060. The damages were assessed as of the date of trial, April 19, 1977.

The determination of damages being the sole issue on remand, it was improper for the District Court to make any finding regarding the legality of the defendant's original taking of the access rights. In assessing damages, it was error for the trial court to determine damages as of the date of trial rather than the date of taking. When property has been taken or damaged for a public use, the owner is entitled to recover as compensation the difference between the value of such property immediately before and immediately after the completion of the improvement from which the injury results. See, Chicago, R. I. & P. Ry. Co. v. O'Neill, 58 Neb. 239, 78 N. W. 521; Deitloff v. City of Norfolk, 183 Neb. 648, 163 N. W. 2d 586.

The judgment is reversed and the cause is remanded to the District Court for a determination of damages as of the date of taking.

REVERSED AND REMANDED.