THE DANISH VENNERFORNING AND OLD PEOPLES HOME, A NEBRASKA CORPORATION, APPELLEE AND CROSS-APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT AND CROSS-APPELLEE.

290 N. W. 2d 791

Filed April 1, 1980. No. 42706.

Paul L. Douglas, Attorney General, Warren D. Lichty, Jr., and John E. Brown, for appellant.

Harry H. Foulks and James B. Miller of Farnham, Farnham & Miller, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

It has been said that the third time is the charm. At least it so appears to be in this case. This is the third appearance of this matter before this court. For a complete description of the facts in this case, see Danish Vennerforning and Old Peoples Home v. State, 191 Neb. 774, 217 N. W. 2d 819 (1974). In its second appearance before this court, reported at 201 Neb. 233, 266 N. W. 2d 914 (1978), we reversed and remanded the cause to the District Court solely for a determination of damages as of the date of taking, saying: "When property has been taken or damaged for a public use, the owner is entitled to recover as compensation the difference between the value of such property immediately before and immediately after the completion of the improvement from which the injury results."

As a result of our direction in the second case, trial to the court was had a third time in the District Court for Douglas County, Nebraska, and as a result of that trial an award in the amount of $37,500 was entered by the court in favor of the appellee and against the State. The State now appeals from that

verdict maintaining that the evidence was insufficient to sustain the verdict. The appellee has cross-appealed, maintaining that the trial court erred in not granting it interest on the $37,500 from the date of taking, being September 1971. We have examined the record in detail and now conclude that the judgment of the trial court in the amount of $37,500 was correct and is amply sustained by the record and should be affirmed. We likewise find, for reasons more fully set out herein, that the appellee should have been awarded interest from the date of taking and, accordingly, reverse that part of the trial court's order.

Each side called several witnesses who testified as to value. As might be anticipated, the State testified that the value of the property after the taking was virtually the same as it was before the taking and that, therefore, little or no damages were suffered. At least one of the property owner's witnesses testified unequivocally that the value of the property immediately prior to the taking was $45,000 and immediately following the taking was $7,500, thereby reflecting damage in the amount of $37,500. It was obviously that witness which the trial court chose to believe.

The manner of determining the damages, if any, was in exact accord with our directions in the second Danish Vennerforning case and cannot be disputed. The only question that can be raised, and is raised by the State, has to do with the sufficiency of the evidence as it relates to the determination of the damages. The State argues that the evidence presented by the property owner should have been disregarded by the trial court and should likewise be ignored by us on appeal. We have frequently stated in cases of this type that the amount of damages sustained by a landowner is a question of a local nature proper to be determined by a jury of the county, and the Supreme Court ordinarily will not interfere with the

verdict if it is based on the evidence in the case. See Schimonitz v. Midwest Electric Membership Corp., 182 Neb. 810, 157 N. W. 2d 548 (1968). Likewise, we have said, "The amount of damages sustained in a condemnation action is peculiarly of a local nature and ordinarily is to be determined by a jury. Where the evidence is conflicting this court will not ordinarily interfere with the verdict of the jury unless it is clearly wrong." Harmony Lanes v. State, 193 Neb. 826, 229 N. W. 2d 203 (1975). In this case, a jury having been waived, the judgment of the trial court is accorded the same consideration as that of a jury. V. P. O., Inc. v. Money, 201 Neb. 30, 266 N. W. 2d 79 (1978).

The evidence in this case is obviously in conflict. The State in its brief argues that the landowner's witnesses cannot be believed. There is, however, sufficient evidence in the record from which a jury or, in this case, a trial court could render a judgment in the amount of $37,500. The judgment was not clearly wrong and, therefore, we are obliged to affirm the judgment.

The only question then remaining is the matter of interest. The trial court denied prejudgment interest to the property owner.

The State maintains that the property owner is not entitled to interest because the action was not brought pursuant to the eminent domain statutes, sections 76-701 to 76-725, R. R. S. 1943.

It is true that the action was not commenced initially under the provisions of sections 76-701 to 76-725, R. R. S. 1943. Nevertheless, once the request for injunctive relief was denied, all the parties, and the court as well, considered this to be an action for inverse condemnation. See Danish Vennerforning and Old Peoples Home v. State, 201 Neb. 233, 266 N. W. 2d 914 (1978).

The State believed it had, in fact, acquired the access within the original condemnation, yet paid no

money for the damages to the access.

The property owner was never afforded the rights provided under section 76-711 or 76-719.01, R. R. S. 1943. We see no reason why the landowner should not be accorded the same rights, when the taking or damaging is done outside the provisions of sections 76-701 to 76-725, R. R. S. 1943, as when done in accordance with the statutory provisions, since "[i]t is generally conceded that the recovery of interest is a matter of strict constitutional right." Petersen v. School Dist. of Bellevue, 188 Neb. 354, 196 N. W. 2d 510 (1972). It is further generally conceded that interest must run from the time of taking. See Annotation, Interest on damages for period before judgment for injury to, or detention, loss, or destruction of, property, 36 A. L. R. 2d 443. We therefore now hold that one whose property is taken or damaged by a governmental subdivision authorized to institute condemnation proceedings, without an award being paid into county court prior to the taking or damaging of the property, is entitled to interest as provided for in section 76-711, R. R. S. 1943, from the date of the taking or damaging in the same manner as if the provisions of sections 76-701 to 76-725, R. R. S. 1943, had been followed.

It appears clear to us that the taking or damaging in this case occurred in September 1971, and that interest should be allowed from that date in the amounts provided for in section 76-711, R. R. S. 1943. The judgment of the trial court is affirmed in all respects save as to the matter of interest, and in that regard is reversed and the cause remanded with directions to enter judgment for the amount of interest determined in accordance with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.